ERVIN, Circuit Judge:
This is an appeal from an interlocutory order, entered July 22, 1986, by the United States Bankruptcy Court for the Western District of Virginia. Appellant, Grundy National Bank (“Grundy”), filed a motion[1] pursuant to 11 U.S.C. § 362(d) (1982) for relief from the automatic stay of 11 U.S.C. § 362(a) (1982). The stay protected the assets of the appellees (“the Looneys”) following their filing of a petition in bankruptcy on or about June 18, 1986. In response to Grundy’s motion, the bankruptcy court, without a hearing, ordered that the stay remain in effect until the final hearing on the merits of the motion for relief from the stay, which the court at the same time scheduled for September 11,1986. Grundy appealed the bankruptcy court’s order to the United States District Court for the Western District of Virginia on July 28, 1986. The district court affirmed the order of the bankruptcy court. We reverse.
The statutory procedure to be followed in adjudging a motion for relief from the automatic stay requires some form of “notice and a hearing.” 11 U.S.C.A. § 362(e) (West Supp. 1986).[2] The question presented to us, on the merits, is whether the notice and hearing requirement of § 362(e) was met in this case or, alternatively, whether the bankruptcy court’s action was proper as an exercise of its equitable powers under Fed.R.Civ.P. 65 and § 105(a) of the Bankruptcy Code. As a-preliminary matter, however, we must determine whether we have jurisdiction to hear this appeal.
I.
Federal district courts have the power to entertain appeals from interlocutory orders of bankruptcy courts by leave of the district court, as well as to hear appeals as of right of final orders from bankruptcy courts. See 28 U.S.C. § 158(a) (1982). Appeals from district courts under § 158(a) “shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district court.” 28 U.S.C. § 158(c) (1982). Section 158(d) provides that “[t]he courts of appeals shall have jurisdiction of appeals from all final decisions, judgments, orders and decrees entered under subsections (a) and (b) of this section.”
Even though the standard for finality of bankruptcy court orders is relaxed from that of non-bankruptcy district court orders under 28 U.S.C. § 1291, see A.H. Robins Co. v. Piccinin, 788 F.2d 994, 1009 (4th Cir.1986), the order in this case is not a final order because it does not resolve the litigation, decide the merits, settle liability, establish damages, or determine the rights of even one of the parties to the Looney’s bankruptcy case. Cf. Coopers & Lybrand v. Livesay, 437 U.S. 463, 467, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978) (concerns finality under § 1291); Catlin v. United States, 324 U.S. 229, 233, 65 S.Ct. 631, 632, 89 *791 L.Ed. 911 (1945) (same). The district court below explicitly viewed the bankruptcy court’s order as interlocutory, and the order lacks those characteristics that this court identified in Piccinin as substitutes in the bankruptcy context for traditional indicia of finality. See Piccinin, 788 F.2d at 1009.[3]
Jurisdiction nevertheless lies in this case under the collateral order doctrine enunciated in Cohen v. Beneficial Industrial Loan Corp., 837 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). To be reviewable despite the absence of finality, an order “must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment.” Coopers & Lybrand, 437 U.S. at 468, 98 S.Ct. at 2457 (footnote omitted). In this case, the bankruptcy court order, issued without notice or a hearing, conclusively determined Grundy’s statutory right to have the automatic stay lifted, unless the Looneys showed a reasonable likelihood of prevailing on the merits, within thirty days of the filing of Grundy’s motion for relief. This right is an important protection for creditors of the value of collateral. A denial of review by this court “would render impossible any review whatsoever,” Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 376, 101 S.Ct. 669, 674, 66 L.Ed.2d 571 (1981), of the bankruptcy court’s order.
II.
The district court upheld the bankruptcy court’s decision by relying on the language of 11 U.S.C. § 102 (1982), which contains rules of construction for the Bankruptcy Code. Section 102 defines the phrase “after notice and a hearing” in a way that does not require an actual hearing in some circumstances:
§ 102. Rules of Construction In this title&emdash;
(1) “after notice and a hearing”, or a similar phrase&emdash;
(A) means after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances; but
(B) authorizes an act without an actual hearing if such notice is given properly and if&emdash;
(i) such a hearing is not requested timely by a party in interest; or
(ii) there is insufficient time for a hearing to be commenced before such act must be done, and the court authorizes such act....
11 U.S.C. § 102 (1982). The district court interpreted both § 102 and the language of § 362(e) to allow the bankruptcy court to continue the stay pending disposition of a motion for relief from the stay.
However, the bankruptcy court took its action without affording any notice whatsoever to Grundy. While § 102, read in conjunction with § 362(e), does not require actual preliminary hearings in all cases when a bankruptcy court continues the automatic stay in the face of a motion for relief from the stay, it requires at a minimum that notice be given to the parties before taking such action, to allow them, for example, to request an actual hearing. *792 Grundy and the amici[4] claim that the bankruptcy judge who issued the order that led to this appeal routinely grants continuances of the automatic stay without providing notice or a preliminary hearing. If that allegation is correct, the practice must be ended; the statute contemplates that “notice and a hearing” requires an actual hearing in all but exceptional cases. Even in those exceptional cases, the bankruptcy court must make a determination that the party opposing the motion is reasonably likely to prevail on the merits.
Section 362(e) was enacted to prevent the practice under the old Bankruptcy Act of “injunction by continuance.” The legislative history is clear on this point:
Subsection (e) provides protection that is not always available under present law. The subsection sets a time certain within which the bankruptcy court must rule on the adequacy of protection provided for the secured creditor’s interest. If the court does not rule within 30 days from a request by motion for relief from the stay, the stay is automatically terminated with respect to the property in question. To accommodate more complex cases, the subsection permits the court to make a preliminary ruling after a preliminary hearing. After a preliminary hearing, the court may continue the stay only if there is a reasonable likelihood that the party opposing relief from the stay will prevail at the final hearing.
S.Rep.No. 989, 95th Cong., 2d Sess. 53, reprinted in 1978 U.S. Code Cong. & Ad. News 5787, 5839. The primary assets of the Looneys at issue in this case are two trucks and a personal residence, so this can hardly be said to be a “complex case” within the meaning of the legislative history of § 362(e). Even if it appeared complex, the courts below erred in interpreting § 362(e) and § 102 to allow the denial, sua sponte and without notice or a determination of the likely outcome of the case, of a motion for relief from the automatic stay. Such an interpretation completely ignores the specific requirements of § 362(e).
III.
The bankruptcy court’s equitable powers were not invoked in this case in a way that would allow continuance of the automatic stay without a hearing. Bankruptcy Rule 7065 allows temporary restraining orders or preliminary injunctions to be issued in bankruptcy cases without compliance with Fed.R.Civ.P. 65(c), which requires the party moving for an injunction to give security. However, such injunctions are to be given “on application of a debtor, trustee or debtor in possession.” Bankr.R. 7065. In this case, there was no such application. The bankruptcy court acted sua sponte. Nor was there conformity with the other requirements of Fed.R. Civ.P. 65, such as notice or an attempt to give notice to the adverse party, an allegation of irreparable harm, and a determination of likely success on the merits by the debtor. The extension of the automatic stay cannot be upheld on these grounds. This same bankruptcy judge has held that he lacks power to reinstate the automatic stay after it is terminated, despite the presence of Bankr. R. 7065 and Fed.R.Civ.P. 65. See In re Sykes, 53 B.R. 107, 108 (Bankr.W.D.Va.1985). But cf. In re Walker, 3 B.R. 213, 214 (Bankr.W.D.Va.1980) (same judge holds that, even if the automatic stay terminates after thirty days, court can use its § 105(a) power to protect a debtor's estate).
Under 11 U.S.C. § 105(a) (1982), “[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.” The bankruptcy judge in this case did not purport to act under this section, but on appeal the Looneys urge that it is an alternative ground on which to sustain the lower courts’ rulings. Several courts have allowed, by reference to § 105(a) powers, the reinstatement of automatic stays that had terminated. See In re Martin Explora *793 tion Co., 731 F.2d 1210, 1214 (5th Cir.1984); Bank Hapoalim B.M. v. E.L.I., Ltd., 42 B.R. 376, 378 (N.D.Ill.1984). But the actions of this bankruptcy court, purportedly acting under § 362(e), cannot be countenanced on the basis of the powers granted in § 105(a). Given the clear legislative history of § 362(e), it strains reason to say that the routine continuation of the automatic stay “is necessary or appropriate to carry out the provisions” of the Bankruptcy Code.
The Looneys contend that the bankruptcy docket for the Western District of Virginia is too crowded for one judge to serve it without bending the rules. There may be a need for more bankruptcy judges in the district, but this argument does not suffice to justify altering the procedure for lifting the automatic stay. The provisions governing relief from the automatic stay exist to protect secured creditors and it is not acceptable to ignore the rules because the court has a crowded docket. Congress clearly intended to limit the period following a motion to lift the automatic stay to thirty days, unless the bankruptcy court finds affirmatively that the debtor is likely to prevail in the end.
REVERSED AND REMANDED.

. The district court, in affirming the bankruptcy court decision, listed the date of filing of this motion as August 7, 1986, and then used this date of filing in calculating the length of the stay extension to be only four days. It appears that the motion was actually filed on July 7, 1986. This error of fact led the district court to conclude that "granting an extension of only four days seems appropriate without any notice or hearing.” On remand, careful attention should be paid to the actual date of filing by Grundy.

. The statute requires that:
Thirty days after a request under subsection (d) of this section for relief from stay of any act against property of the estate under subsection (a) of this section, such stay is terminated with respect to the party in interest making such request, unless the court, after notice and a hearing, orders such stay continued in effect pending the conclusion of, or as a result of, a final hearing and determination under subsection (d) of this section. A hearing under this subsection may be a preliminary hearing, or may be consolidated with the final hearing under subsection (d) of this section. The court shall order such stay continued in effect pending the conclusion of the final hearing under subsection (d) of this section if there is a reasonable likelihood that the party opposing relief from such stay will prevail at the conclusion of such final hearing. If the hearing under this subsection is a preliminary hearing, then such final hearing shall be commenced not later than thirty days after the conclusion of such preliminary hearing. 11 U.S.C.A. § 362(e) (West Supp. 1986) (emphasis added).

. Because the federal district courts are empowered to review interlocutory decisions of bankruptcy courts, the question has arisen whether a final order of a district court that pertains to an interlocutory decision of a bankruptcy court is a final order for purposes of circuit court review. We are in agreement with the courts of appeals which have held that such a case does not present a reviewable final order under § 158(d); ordinarily, both the district court and the bankruptcy court orders must be final orders before the court of appeals has jurisdiction. See, e.g., In re Stanton, 766 F.2d 1283, 1285 (9th Cir. 1985); In re Pizza of Hawaii, Inc., 761 F.2d 1374, 1378 (9th Cir.1985); In re American Colonial Broadcasting Corp., 758 F.2d 794, 800-01 (1st Cir.1985); In re Mason, 709 F.2d 1313, 1315 (9th Cir.1983); Maiorino v. Branford Savings Bank, 691 F.2d 89, 93 (2d Cir.1982); International Horizons v. Committee of Unsecured Creditors (In re International Horizons, Inc.), 689 F.2d 996, 1000 (11th Cir.1982); cf. Universal Minerals, Inc. v. C.A. Hughes & Co., 669 F.2d 98, 101 (3d Cir.1982) (finding a bankruptcy court decision to have been final rather than interlocutory in order to support appellate jurisdiction).

. Amicus briefs were filed in this case by the Virginia Bankers Association and Dominion Bank, National Association.