**UNITED STATES TRUSTEE, Appellant,**

v.

**Judith L. VANCE, Appellee.**

**Civ. A. No. 95–CV–18.**

United States District Court,
W.D. Virginia,
Abingdon Division.

Nov. 15, 1995.

---

Thomas W. Kennedy, Trustee, Roanoke, VA, Jo S. Widener, Trustee, Bristol, VA, Richard S. Money, Trustee, Marion, VA, for plaintiff.

James P. Carmody, Richlands, VA, for defendant.

### MEMORANDUM OPINION

GLEN M. WILLIAMS, Senior District Judge.

This appeal from the United States Bankruptcy Court for the Western District of Virginia is before the court under the authority of 28 U.S.C. § 158(a). The appeal is denied.

### FACTS

On November 14, 1994, appellee Judith Vance filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code. Appellant, the United States Trustee ("Trustee"), scheduled a meeting of creditors to occur on December 16, 1994. On December 13, Vance filed a motion with the Bankruptcy Court requesting an indefinite continuance of the creditor's meeting. The court entered an ex parte order the next day granting the motion. On December 20, Vance filed a motion with the court to convert the case to Chapter 7, which the court granted on the 21st. On December 27, the Trustee filed a notice of appeal from the Bankruptcy Court's December 14 order continuing the original creditor's meeting. On January 9, the court entered an memorandum opinion with respect to the December 14 order.

The Trustee now challenges the Bankruptcy Court's authority to enter an order continuing a creditor's meeting, its authority to enter such an order without notice and a hearing, and its jurisdiction to enter an opin-

ion with respect to an order after a notice of appeal from that order has been filed. Appellee argues that the appeal from the continuance order was rendered moot by the conversion of the case from Chapter 13 to Chapter 7.

## ANALYSIS

■ The court's first order of business must be to address Vance's argument that this appeal is not justiciable because moot. An action is moot when "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Murphy v. Hunt*, 455 U.S. 478, 481, 102 S.Ct. 1181, 1182, 71 L.Ed.2d 353 (1982) (*per curiam* ). Even if an issue is no longer live, it may be heard by a court under the "capable of repetition yet evading review" exception to the mootness doctrine. *See Southern Pacific Terminal Co. v. ICC*, 219 U.S. 498, 515, 31 S.Ct. 279, 283, 55 L.Ed. 310 (1911). An issue is not moot if the challenged order cannot be litigated prior to its expiration or termination, and if a "reasonable expectation [exists] that the same complaining party would be subjected to the same action again." *Weinstein v. Bradford*, 423 U.S. 147, 149, 96 S.Ct. 347, 348, 46 L.Ed.2d 350 (1975).

Appellee mistakes the nature of the case before the court when it argues in its brief that "the parties" will not be affected by this appeal in any event, referring to the debtor and creditors in the underlying bankruptcy dispute. This appeal presents the issue of whether a bankruptcy judge, by continuing a creditor's meeting, trespasses impermissibly upon the role of a U.S. Trustee. The "parties" to that dispute are the Bankruptcy Court and the Trustee. Appellant, a U.S. Bankruptcy Trustee, has the job of dealing on a daily basis with bankruptcy litigation, and with Chapter 13 creditors' meetings. There is thus a reasonable chance that appellant will be faced with this situation again, and again be unable to reach a reviewing court before the order complained of in some

way ceases to have effect. The court accordingly deems this action not to be moot.

■ Appellee further contends that the continuance order is not a final order, and so is not appealable. This correctly states the law for appeals to a U.S. Court of Appeals from an order entered by a District Court, *see* 28 U.S.C. § 1291, but the analogous authority granted to a District Court to hear appeals from a Bankruptcy Court is broader. The appellate authority of a District Court is governed by 28 U.S.C. § 158(a), which provides that the District Court may hear appeals not only of final orders, but also, at the court's discretion, of interlocutory orders. A District Court may thus hear an appeal of an order of a Bankruptcy Court if it chooses to do so without considering whether that order is final or not. Because it wishes to resolve without further delay this important dispute, the court hereby takes jurisdiction of this appeal, without deciding whether or not the order appealed from is final.

■ The central substantive issue before the court is the authority of a Bankruptcy Court to continue a creditor's meeting. There is no question that the scheduling of creditor's meetings is ordinarily the task of the U.S. Trustee, under the Bankruptcy Code as amended by the Bankruptcy Judges, United States Trustee, and Family Farmer Bankruptcy Act of 1986, Pub.L. 99–554 ("1986 Amendment").[1] *See* 11 U.S.C. § 341(a); Fed.R.Bankr.P. 2003(a). This allocation of duties does not, however, preclude the possibility that a bankruptcy judge may choose to exercise control in an area which was assigned by the Code to the U.S. Trustee. Although the court is wary of inspecting legislative intent in order to construe a statute, it seems quite clear that the purpose for the establishment of the U.S. Trustee program was in part to relieve the workload of bankruptcy judges by allocating purely administrative duties to the U.S. Trustee. *See In re Vance*, 120 B.R. 181, 185 (Bankr. N.D.Okla.1990). A further concern was that

---

1. The U.S. Trustee program was established on a trial basis in 1978 under the original Bankruptcy Code. Certain pilot districts were established under Part X of the 1978 Code, in which U.S. Trustees operated much as they do nationwide under the current Code. The U.S. Trustee program was extended to the entire United States by the 1986 Amendment, reaching this District in 1992.

the bankruptcy judge should not be "tainted by knowledge of matters unnecessary to a judicial determination." *See* 1978 U.S.C.C.A.N. 6483 (statement of Chairman Edwards, sponsor of the 1978 Bankruptcy Act).

With these objectives in mind, the court turns to the specific language of the Bankruptcy Code and to the cases to which it has been directed by the parties. As an initial matter, it is important to note that no provision of the Code expressly addresses a Bankruptcy Court's authority to continue a Chapter 13 creditor's meeting. Appellee points to § 341(a), which provides that ". . . the United States trustee shall convene and preside at a meeting of creditors." Section 341(c) further provides that the Bankruptcy Court "may not *preside at, and may not attend,* any meeting under this section including any final meeting of creditors." (Emphasis added.) Section 341(a) thus directs the U.S. Trustee to schedule a meeting, and § 341(c) forbids the bankruptcy judge from attending that meeting. Neither section is incompatible with the authority of a Bankruptcy Court to enter an order concerning the scheduling of a creditor's meeting. In support of the Bankruptcy Court's affirmative authority to enter such an order, Appellant points to the residual authority clause of the Bankruptcy Code, § 105(a). Although it does not speak to the narrow issue before the court, § 105(a) does appear to grant broad authority to the Bankruptcy Court to enter orders not explicitly authorized by other provisions of the Code.[2]

The cases cited by the parties are, for the most part, unhelpful. *In re Lindell,* 111 B.R. 137, 143–44 (Bankr.W.D.Mich.1990) states that a Bankruptcy Court has the authority "within the exercise of its equitable powers" to *reopen* a § 341 meeting. The court cites *In the Matter of Mission Carpet Mills,* 10 B.R. 494, 496 (9th Cir. BAP 1981) for this proposition. The *Mission Carpet Mills* decision does stand for this proposition, but that case was decided before the 1986 Amend-

ment, at a time when the bankruptcy courts were responsible for every aspect of § 341 meetings, and both scheduled and attended such meetings. In addition to the doubtful heritage of *In re Lindell,* of course, the case does not address the issue of a Bankruptcy Court's authority to *continue* a § 341 meeting. *In the Matter of the Columbia Gas System,* 133 B.R. 174 (Bankr.D.Del.1991), and *In re Riley,* 1991 WL 717226 1991 Bankr. LEXIS 1494 (Bankr.E.D.Mo.1991), both involved the power of a Bankruptcy Court to review allegedly wrongful actions of a U.S. Trustee, and are inapposite to the present case.

*In re Vance,* 120 B.R. 181 (Bankr. N.D.Okla.1990), is more helpful. In that case, the Bankruptcy Court addressed the issue of its own power to compel a U.S. Trustee to *conclude* a § 341 creditor's meeting. The court analyzed the issue of its authority over the Trustee under the Administrative Procedures Act, concluding that a U.S. Trustee is an "agency" and that the court was within its powers in compelling the Trustee to conclude the meeting. Although the Administrative Procedures Act is inapplicable to the case at bar, the *In re Vance* court made several useful observations in the course of its analysis. First, it noted that a Bankruptcy Court has certain duties and functions with respect to a Chapter 13 creditor's meeting. Among these duties are the resolution of disputes over Trustee elections (Bankruptcy Rule 2003(c)) and over the propriety of questions asked of the debtor. The court concluded from this that § 341 cannot stand for the proposition that the Bankruptcy Court has no authority over § 341 meetings. Secondly, the court noted that, when performing certain functions, including calling meetings, the U.S. Trustee is not just a party to litigation, but also a government official whose actions or inactions can be challenged, reviewed, and modified by higher authorities. Thirdly, the court based its authority to order the Trustee to conclude the meeting on the grant of power of § 105(a).

---

**2.** Section 105 reads as follows:
The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed

to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

Finally, the court pointed out the historical fact that the U.S. Trustee is an auxiliary of the Bankruptcy Court system, with the chief role of reducing the workload of Bankruptcy Courts.

The court agrees with the *In re Vance* reasoning in many respects. Without indulging in a detailed analysis of the case, the court cites with wholehearted approval the following language from the case:

> The statute [11 U.S.C. § 341] does not specifically say that the Court cannot "convene," nor does the statute say or imply that the UST may do whatever she pleases in the course of "convening" or "presiding." The statute is silent with regard to "concluding" meetings of creditors. Moreover, against § 341 must be set § 105, which would seem to imply that the Court may override any discretion vested in the UST with regard to meetings of creditors insofar as "necessary or appropriate to carry out" any provisions of the Bankruptcy Code.

*Id.* at 193.

The court holds that the general grant of power to a Bankruptcy Court under § 105(a) includes the power to issue orders continuing creditor's meetings.

■ Given the importance of properly drawing the line of demarcation between the powers of a Bankruptcy Court and those of a U.S. Trustee, the court wishes to make explicit what it does *not* decide today. Appellant has contended that the Bankruptcy Court exercised its powers to forestall a Chapter 13 creditor's meeting due to its own views concerning the usefulness of such meetings and the fairness of such meetings to the debtor. In ruling today that a Bankruptcy Court has the authority to continue a Chapter 13 creditor's meeting, the court does not decide that a Bankruptcy Court may pursue a policy of preventing Chapter 13 creditor's meetings from taking place, in contravention of the Congressional scheme providing for such meetings. A different issue would be presented to this court if it were confronted with credible evidence of a systematic attempt by the Bankruptcy Court to subvert the Bankruptcy Code. No such evidence appearing, the court enters the order which it does today.[3]

■ Having decided that a Bankruptcy Court has the power to enter an order continuing a § 341 creditors' meeting, the only issues remaining for decision are whether such an order can be entered without providing notice and a hearing to the U.S. Trustee, and whether the Bankruptcy Court has jurisdiction to enter a memorandum opinion after an appeal has been taken.

As the court has already held that the Bankruptcy Court had the power to enter the continuance order, the issue presented by the Trustee's challenge to the ex parte nature of that order is whether a bankruptcy judge may communicate with one party in interest without other parties in interest being present. Two rules appear to address this situation. First, Bankruptcy Rule 9003(a) forbids parties in interest from ex parte communication with the court concern-

**3.** The court is handicapped in its ruling by an absence of a complete account of the facts which gave rise to this dispute. It is unable to determine, for example, the reason that the debtor addressed her motion to the judge rather than to the Trustee, as she should ordinarily do under the current regime. The court's holding today is that the Bankruptcy Court has the discretionary power to entertain and grant ex parte motions relating to the scheduling of creditor's meetings. This is a power which should only be used under exceptional circumstances.

The U.S. Trustee program was extended to this District for the first time in 1992. The court is aware that many attorneys, particularly those who do not regularly practice in Bankruptcy Court, may not yet have grasped the procedural changes established by that program. As prac-

ticing attorneys become familiar with the proper procedures to follow under the program, the court expects that controversies like this one will become less and less common. In the ordinary case, an attorney faced with a scheduling problem or other request falling within the areas of administrative competence assigned by law to the U.S. Trustee will first direct any requests pertaining to these matters to the Trustee, who will address such matters in his or her administrative, and not adversary, role. Only in extraordinary circumstances, such as the unavailability of the Trustee, should such a matter be directed in the first instance to the Bankruptcy Court. Today's holding is simply that, when such extraordinary circumstances occur, the Bankruptcy Court has the discretion to hear and act upon such motions.

ing pending matters. Second, Canon 3(A)(4) of the Codes of Conduct for Judges and Judicial Employees, the ethical standard applicable to federal judges, provides that a judge shall "neither initiate nor consider *ex parte* communications on the merits, or procedures affecting the merits, of a pending or impending proceeding."[4] Neither rule forbids the Bankruptcy Court's action in hearing the ex parte motion. Bankruptcy Rule 9003(a) is by its terms directed at parties, and not at the court itself.[5] In addition, both Rule 9003(a) and Canon 3(A)(4) contain similar limiting clauses; Rule 9003(a) applies "except as otherwise permitted by applicable law"; and Canon 3(A)(4) forbids ex parte communication "except as authorized by law." The rules therefore create nondispositive presumptions. The final answer to the question of a Bankruptcy Court's ex parte powers must be found elsewhere.

■ Lacking guidance from statutes, rules or precedents,[6] the court must address the issue of a Bankruptcy Court's authority to permit ex parte communication with itself de novo. Courts have always had the power to manage their dockets as they see fit, so long as they exercise sound discretion in doing so. A bright-line rule that a court could never enter an order without providing notice to the other side and an opportunity for a hearing would frustrate justice and do violence to reason, as judges faced with an

endless variety of exigent circumstances would be unable to exercise their discretion in dealing with those circumstances. Unless this court finds that the Bankruptcy Court has clearly exceeded the broad procedural discretion which any court must have in order to operate efficiently from day to day, its decision to enter the order without notice and a hearing must be upheld. There being no credible evidence before the court of malicious intent or abuse of authority by the Bankruptcy Court, this court holds that the Bankruptcy Court acted within its discretionary powers in hearing Vance out of the presence of the U.S. Trustee.

■ The final contention to be taken up is the Trustee's challenge to the validity of the Bankruptcy Court's memorandum opinion in this matter, entered after this appeal was taken. The Trustee argues that the jurisdiction of a Bankruptcy Court over a matter terminates when notice of appeal has been given, and that the entering of an opinion in support of a contested order after such appeal has been taken is done without jurisdiction. In support of this, the Trustee cites *United States v. Christy*, 3 F.3d 765, 768 (4th Cir.1993), which states the general rule that a lower court's jurisdiction over a matter ends when an appeal is taken, and *In re Gaines*, 121 B.R. 1015, 1016–17 (W.D.Mo. 1990), which holds that a Bankruptcy Court

---

**4.** Had the Trustee complained of Vance's behavior, rather than that of the Bankruptcy Court, the ethical code applicable to lawyers practicing in Virginia would apply instead of that applicable to federal judges. The relevant provision is DR 7-109, which prohibits ex parte communication with a court except as "otherwise authorized by law." Although the court does not reach the issue, it assumes without deciding that the Bankruptcy Court's acquiescence in the contact now at issue renders the communication "otherwise authorized by law" for DR 7-109 purposes. *See In re Endicott*, 157 B.R. 255, 268 (W.D.Va.1993) (letter to U.S. Trustee from Bankruptcy Court authorizing the ex parte filing of orders renders those orders "otherwise authorized by law.").

**5.** Rule 9003(a) reads as follows:

Except as otherwise permitted by applicable law ... any party in interest ... shall refrain from ex parte meetings and communications with the court concerning matters affecting a particular case or proceeding.

**6.** The Trustee cites two Fourth Circuit cases holding that a Bankruptcy Court may not continue automatic stays in the face of a motion for relief from a stay without notice to opposing parties. *Grundy National Bank v. Looney*, 823 F.2d 788, 791 (4th Cir.1987); *Grundy National Bank v. Rife*, 876 F.2d 361, 365 (4th Cir.1989). Neither case is applicable to the present dispute, as both were interpretations of § 362(e) of the Bankruptcy Code, pertaining to automatic stays, which contains its own explicit requirement of notice and a hearing. The vital importance of the automatic stay and the procedures for lifting it suggests that the absence of such explicit provisions in other sections of the Code—such as those pertaining to creditor's meetings—cannot merely be explained as oversight. Section 362(e) is not at issue in the present case.

The court notes, however, that if it had before it a documented allegation of a continued practice of entering ex parte orders with inadequate attention to the requirements of the Bankruptcy Code, as was the case in *Rife*, it may have reached a different result.

is without jurisdiction to enter a memorandum opinion adducing additional reasons in support of an order after that order has been appealed. The *In re Gaines* court held the untimely memorandum opinion to be void, and declined to consider it. Because it has not considered the Bankruptcy Court's January 9 memorandum opinion in any way, the court does not need to address the issue of whether that opinion is or is not void, nor need we address the question of whether a party can possibly have standing to complain of being injured by a lower court's more complete statement of the reasons supporting a decision, an action which would on its face appear to promote rather than impair effective review. For the same reason, the court does not reach the Trustee's substantive criticisms of the Bankruptcy Court's memorandum opinion.

## CONCLUSION

For the reasons stated, the appeal from the continuance order of the Bankruptcy Court is denied. An appropriate order will be entered this day.