In re ENVIROCON INTERNATIONAL CORP., (Consolidated with: In re Sun Bay Group, Inc., In re Florida Gypsum Supply, Inc.), Debtors.

UNITED STATES of America, Appellant,

v.

Gordon L. KIESTER, Trustee, Appellee.

No. 96-1770-CIV-T-17C.

United States District Court, M.D. Florida, Tampa Division.

Nov. 12, 1997.

Gordon Livingston Kiester, Jr., Law Office of Gordon L. Kiester, Jr., Tampa, FL, for Debtors/Appellee.

David N. Geier, U.S. Dept. of Justice Tax Division, Washington, DC, for Appellant.

*ORDER ON APPEAL*

KOVACHEVICH, District Judge.

This cause is before the Court on appeal from the Order on Motion for Order Allowing Secured Claim and Determining Right of Distribution (Bankruptcy Docket No. 193) (hereafter Order) in Case Nos. 90–06292–8B7, 90–06658–8B7, and 90–06659–8B7, entered on July 12, 1996, by United States Bankruptcy Judge Thomas E. Baynes, Jr.

## ISSUES

I. Whether the bankruptcy court's Order allowing the Internal Revenue Service's (hereafter IRS) secured claim and determining its right to distribution represented an improper *ex parte* preparation?

II. Whether the bankruptcy court erred by prohibiting the IRS from participating in the distribution of assets from the debtor's bankruptcy estate because it did not file a motion to value collateral?

## STANDARD OF APPELLATE REVIEW

■ In reviewing bankruptcy court orders, the district court functions as an appellate court. Appellant is entitled to an independent *de novo* review of all conclusions of law and the legal significance accorded to the facts. *In re Goerg,* 930 F.2d 1563, 1566 (11th Cir.1991); *In re Owen,* 86 B.R. 691 (M.D.Fla. 1988). Findings of fact shall not be set aside unless clearly erroneous. The burden is on the appellant to show that the bankruptcy court's finding is clearly erroneous. Federal Rule of Bankruptcy Procedure (hereafter Bankruptcy Rule) 8013; *In re Downtown Properties, Ltd.,* 794 F.2d 647 (11th Cir. 1986); *In re Fernandez,* 132 B.R. 775 (M.D.Fla.1991).

## BACKGROUND

Envirocon International Corp. (hereafter Envirocon), debtor, filed a voluntary petition under Chapter eleven (11) (Bankruptcy Docket No. 1) on June 28, 1990. On August 8, 1990, Envirocon filed Motion to Consolidate (Bankruptcy Docket No. 53) with Sun Bay Group, Inc. (90–6658–8B7) and Florida Gypsum Supply, Inc. (90–6659–8B7). The motion was granted on February 26, 1991 (Bankruptcy Docket No. 115). On March 11, 1991, the bankruptcy court entered an order converting the case to Chapter Seven (7) (Bankruptcy Docket No. 94).

The creditor (appellant) is the IRS and the creditor (appellee) is the trustee in bankruptcy, Gordon Kiester. The IRS properly filed a proof of a secured claim (No. 00043) or tax lien in the collateral of the debtor's estate on October 4, 1990. In an order entered on July 12, 1996 the bankruptcy court acknowledged that the IRS's federal tax lien was, in fact, allowed as secured (Bankruptcy Docket No. 193). However, in the same order the court also found that since the IRS failed to obtain a valuation of the debtor's collateral as required under 11 U.S.C. § 506 and failed to file a deficiency claim, the IRS would not be allowed to participate in the distribution of assets. The order allowed the IRS ten (10) days from the date the order was entered to request a hearing.

On July 24, 1996, the IRS timely filed a Motion to Reconsider (Bankruptcy Docket No. 195). In its motion the IRS presented its position as to why the court should reconsider its decision to prevent the IRS from participating in the distribution of any dividend. The IRS's Motion to Reconsider (Bankruptcy Docket No. 196) was denied on July 25, 1996. On August 1, 1996 the IRS then filed a Notice of Appeal (Bankruptcy Docket No. 198) to review the bankruptcy court's decision.

## DISCUSSION

I. *The bankruptcy court's Order was not improperly prepared ex parte.*

Appellant asserts that the Order denying the IRS the right to participate in any distribution of any dividend was entered *ex parte.* Appellant contends the Order represented an improper *ex parte* preparation because the bankruptcy court allegedly denied the IRS an opportunity to be heard and didn't first develop a factual record upon which to base its ruling. If this Court concludes that the bankruptcy court's order was in fact improperly prepared *ex parte,* the second issue on appeal becomes moot.

■ A judicial order is said to be *ex parte* when it is taken or granted at the instance and for the benefit of one party only, and without notice to, or contestation by, any person adversely interested. *Black's Law Dictionary* 576 (6th Ed.1991). In the bankruptcy context, Bankruptcy Rule 9003 prohibits parties in interest from *ex parte* communication with the court concerning pending matters. The relevant part of 9003(a) states that:

> Except as otherwise permitted by applicable law, any examiner, any party in interest, and any attorney, accountant, or employee of a party in interest shall refrain from *ex parte* meetings and communications with the court concerning matters affecting a particular case or proceeding.

■ This rule does not forbid the bankruptcy court's action in hearing the *ex parte* motion. *United States Trustee v. Vance*, 189 B.R. 386, at 391 (W.D.Va.1995). Bankruptcy Rule 9003(a) contains the limiting clause, "except as otherwise provided by law" which creates a nondispositive presumption. *Id.* Section 105 of the Bankruptcy Code does appear to provide broad authority to the bankruptcy court to enter orders not explicitly authorized by other provisions in the Code. *Id.* at 389. The pertinent portion of Section 105 states, "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the title".

In *Vance* the court held that because there was no credible evidence of malicious intent or abuse of authority by the bankruptcy court, it acted within its discretionary powers in hearing appellee out of the presence of appellant. The court's holding was based on the reasoning that:

> Unless the (appellate) court finds that the bankruptcy court has clearly exceeded the broad procedural discretion which any court must have in order to operate efficiently from day to day, its decision to enter the order without notice and a hearing must be upheld.

■ No where in this record is there any indication that the bankruptcy court acted maliciously when it decided to enter the Order *ex parte*. Also, appellant fails to demonstrate any evidence in its brief of the bankruptcy court's malicious intent. The IRS simply repeatedly relates the fact that it was not given an opportunity to be heard and that no factual record was established but neglects to substantiate why this was done. Therefore, adopting the reasoning in *Vance*, this Court finds in the instant case that the bankruptcy court did not exceed its broad procedural discretion when it chose to enter the Order without any prior notice or hearing to the IRS.

■ Appellant also speculates that since no motion or request for relief was filed prior to the Order being drafted, appellee prepared the Order for the bankruptcy court, which makes it an improper *ex parte* representation. The Eleventh Circuit Court of Appeals states the prevailing view of the federal courts when it condemns "ghost writing". *In re Dixie Broadcasting Inc.*, 871 F.2d 1023 (11th Cir.1989). Condemnation of "ghost writing" applies to *ex parte* order which is not product of personal analysis and determination by judge, but of overreaching and of attorney who drafted it. *In re Colony Square*, 819 F.2d 272 (11th Cir.1987).

In *In re Colony Square*, the bankruptcy judge initiated contact with a party by phoning the party and disclosing the judge's intent to rule in the party's favor. The judge then even asked the party to draft an order according to express instructions. The judge then reviewed and signed the order. Neither party ever knew that the judge would delegate the drafting to one of them. Under this set of facts, the court ruled that due process had been served as the order had not been improperly prepared *ex parte*.

In *Bilzerian v. Shinwa Co. Ltd.*, 184 B.R. 389 (M.D.Fla.1995), the appellant alleged the bankruptcy judge erred in granting an order because it constituted an invalid *ex parte* representation drafted by the appellee. The court found that it was enough that the appellant had an opportunity to present his arguments at hearing and on motion for reconsideration after the order was signed. The court held that this afforded appellant a fair opportunity to be heard and that proce-

durally, the order did not qualify as an improper *ex parte* preparation.

Here, even assuming appellee did draft the Order, this court will not consider it an improper *ex parte* representation. The Order provided that the IRS could, within ten (10) days from the date of the Order, request a hearing by filing a Motion to Reconsider. The IRS filed a timely a Motion to Reconsider in which it thoroughly stated its position on the matter. Only after considering the IRS's arguments as to why the Order should be withdrawn, did the bankruptcy court summarily deny its motion. Like in *In re Colony Square* and *Bilzerian,* the IRS was clearly afforded an opportunity to be heard on this motion and therefore the Order does not represent an improper *ex parte* preparation.

II. *The bankruptcy court did not err when it refused to allow appellant to participate in the distribution of assets, because the IRS failed to file a motion to value collateral as required by law.*

■ Since the Court has concluded that the bankruptcy court's Order was not an improper *ex parte* representation, the second issue is still worthy of discussion. The next matter to be addressed is whether the bankruptcy court erred when it denied the IRS its right to participate in the distribution of the estates assets according to 11 U.S.C. § 506. The relevant part of Section 506(a) states that:

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest, ... is a secured claim to the extent of the value of such creditor's interest in such property, ... and is an unsecured claim to the extent that the value of such creditor's interest is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

■ Bankruptcy Rule 3012 provides the procedural framework for valuing collateral as part of a Section 506(a) determination of the secured status of the a claim. *In re*

*Calvert,* 907 F.2d 1069, 1072 (11th Cir.1990). While Section 506 of the Code determines the extent to which a creditor is secured, Bankruptcy Rule 3012 actually sets out the procedure for valuing the collateral. *In re King,* 165 B.R. 296, 299 (Bankr.M.D.Fla. 1994). Bankruptcy Rule 3012 provides:

> The court may determine the value of a claim secured by a lien on property in which the estate has an interest on motion of any party in interest and after a hearing on notice to the holder or the secured claim and any other entity as the court may direct.

■ A request for valuation of collateral under Section 506 must be made pursuant to motion under Bankruptcy Rule 3012. *In re Doss,* 143 B.R. 952 (Bankr.E.D.Okla.1992). Nothing in the language of Bankruptcy Rule 3012 indicates it is an optional procedure to file the motion to value collateral. *Piedmont Trust Bank v. Linkous,* 141 B.R. 890, 894 (W.D.Va.1992).

■ In *Agricredit Corp. v. Harrison,* 987 F.2d 677, 681 (10th Cir.1993), the court determined that Agricredit had properly filed proof of a secured claim under Section 501 of the Bankruptcy Code. However, because Agricredit did not file a motion to value collateral under Section 506 and corresponding Bankruptcy Rule 3012, Agricredit was estopped from appealing the order. *Id.* at 679. The court, following the reasoning in *Linkous,* held that a secured creditor has the burden of moving under Bankruptcy Rule 3012 if it wants to maintain that it is entitled to a distribution on its partially secured claim. *Id.* at 681.

Here, it is apparent that appellant simply failed to file a timely motion to value collateral as required under Section 506 of the Bankruptcy Code and Bankruptcy Rule 3012. As in *Harrison,* the bankruptcy court here did acknowledge that the IRS had properly filed under Section 501 and ruled its claim was allowed as secured. Similarly, in the instant case, only $55,034.79 of the IRS's $59,898.38 claim was listed as secured, characterizing the entire claim as partially secured. Finally, like *Harrison,* the secured party, the IRS, neglected to ever move for a valuation of the

collateral of the estate to which its lien attached. Consequently, following the rationale of both *Harrison* and *Linkous*, since the IRS failed to meet its burden of moving under Bankruptcy Rule 3012, it forfeits the right to participate in the distribution of the assets of the debtor's estate.

The only apparent distinctions between the cited cases and the present case seems to be in the nature of the secured parties and the type of secured claim. In other words, in *Harrison* and *Linkous*, private entities pursued their right to distribution under conventional secured claims, whereas in the instant case, the IRS, a governmental agency, pursues its right to distribution under a federal tax lien. Much of appellant's argument appears to be based on this difference between a conventional secured claim and a federal tax lien.

■■■ Appellant correctly points out that a federal tax lien is a statutory lien and arises by operation of federal law under Section 6321 of the Internal Revenue Code. Section 545 of the Bankruptcy Code says that when a statutory lien is created by federal law, federal law governs its validity and enforceability. Under Section 506 of the Bankruptcy Code, statutory liens, which includes tax liens, are treated the same as conventional secured claims. *Norton Bankruptcy Law and Practice* 2d 1997 Supplement William Norton. As a result, appellant's discussion of the nature and scope of a federal tax lien is largely irrelevant for purposes of Section 506. In short, the analysis just discussed under Sections 506 of the Bankruptcy Code and Bankruptcy Rule 3012 applies equally to either a conventional secured claim or a lien that arises by operation of law, such as the IRS's federal tax lien.

■■■ This leaves the nature of the secured parties as the remaining difference. Quite simply, no where in the bankruptcy code provisions at issue does it suggest that a governmental agency should be entitled to greater protection of its secured interest as apparently implied by appellant's assertions in its appellate brief. The size and complexity of the IRS does not excuse it for failing to comply with the Bankruptcy Code. *In re Price*, 103 B.R. 989, 993 (Bankr.N.D.Ill.1989). On the contrary, because the IRS is a huge Federal governmental agency its level of sophistication as a secured party should actually be higher than the ordinary private secured party. The burden has to be on the IRS to develop sufficient procedures to avoid the continuation of its collection efforts once a petition has been filed. *In re Flynn*, 185 B.R. 89 (S.D.Ga.1995). Therefore, this Court finds that the IRS's inability to file a routine motion to value collateral is not excusable.

This Court has carefully reviewed the memorandum Order of the bankruptcy court, as well as the appellant's brief. Under the standards quoted above, it concludes that the finding of fact found within the bankruptcy Order are not clearly erroneous. Further, it is found that the conclusions of law contained in the bankruptcy Order are sound.

This Court having reviewed the record in this cause affirms the determinations of the bankruptcy judge with respect to both issues. Accordingly, it is

**ORDERED** that the Order Allowing Secured Claim and Determining Right of Distribution entered on July 12, 1996, by U.S. Bankruptcy Judge Thomas E. Baynes be **affirmed**. The Clerk of the Court is **directed** to enter judgment in accordance with this Order.