CLINCHFIELD COAL COMPANY,
Plaintiff,

v.

DISTRICT 28, UNITED MINE
WORKERS OF
AMERICA

and

Local Union 1259, United Mine
Workers of America,
Defendants.

No. Civ.A. 98–0039–A.

United States District Court,
W.D. Virginia,
Abingdon Division.

Dec. 17, 1998.

Wade W. Massie, Abingdon, VA, for plaintiff.

Daniel H. Sachs, Castlewood, VA, for defendants.

## *MEMORANDUM OPINION*

GLEN M. WILLIAMS, Senior District Judge.

### I. Introduction

Plaintiff filed this action on March 6, 1998 seeking to vacate the decision of an arbitrator. The challenged decision ordered Plaintiff and its sister company, Sea B Mining Company, to "cease and desist" sending coal from the Seaboard # 2 mine to any coal preparation plant not affiliated with the United Mine Workers of America. Defendants filed their answer, asserting as grounds of defense that the cease and desist order entered by the arbitrator was moot because the Seaboard # 2 mine has been mined out and will thus not produce

any more coal. Both parties were given the opportunity to brief the court on Defendants' Motion to Dismiss due to mootness, and oral argument was had. This court exercises jurisdiction pursuant to 29 U.S.C. § 185.

## II. Legal Discussion

■ It is well-settled that "[a]n action is moot when 'the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.' " *United States Trustee v. Vance*, 189 B.R. 386, 389 (W.D.Va.1995) (citing *Murphy v. Hunt*, 455 U.S. 478, 481, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982)). However, even if the issues presented in a case are no longer 'live,' an otherwise moot case may still be heard and decided where the issue is one "capable of repetition, yet evading review." 189 B.R. at 389 (citing *Southern Pacific Terminal Co. v. ICC*, 219 U.S. 498, 515, 31 S.Ct. 279, 55 L.Ed. 310 (1911)).

The issue before the court in the instant case is the enforcement of an arbitrator's decree that no coal from the Seaboard # 2 mine be taken to non-union coal preparation plants. The undisputed evidence before this court shows that the Seaboard # 2 mine is closed, and has been for more than one year (Affidavit of Donnie Lowe). The closing is not temporary—rather the mine is permanently closed because it has been mined out. The court is of the opinion that where the mine is closed and no more coal will come from it, that any order commanding that coal from the mine not be taken to certain facilities has no real meaning.

The court must now decide whether this issue is one "capable of repetition, yet evading review." *Vance*, 189 B.R. at 389. In other words, the court must determine whether the same issue might arise in the future, and whether the judiciary will be able to review it at that time. The evidence shows that Sea B has two other mines, both of which are active, and both of which have been or are the subject of company-union disputes as to coal processing (Lowe Affidavit). Thus, Plaintiff contends that the same issue before the arbitrator in the instant case—the extent of the union's work jurisdiction—may again arise in the context of one of these other mines.

■ Plaintiff's contention is undoubtedly true—the same issue may well arise with respect to the Silver Creek mine and has already arisen in the context of the Blair Tiller mine. However, something more than a likelihood of the reemergence of an otherwise moot question is necessary to make that question one properly addressable by this court. The court must be able to say that the question, upon its reemergence, will again be quickly rendered moot before a court can render a decision with respect to it. *See Weinstein v. Bradford*, 423 U.S. 147, 149, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975) (noting that the "capable of repetition, yet evading review" doctrine was developed in order to deal with matters which were quickly concluded, such that it was nearly impossible to litigate the validity of such matters prior to their becoming moot); *Linkenhoker v. Weinberger*, 529 F.2d 51, 53 (4th Cir.1975) (noting that a finding of mootness is appropriate where the issue might rise again but will be able to be speedily disposed of by the court at that time).

■ The court cannot say that this is the type of case which persistently evades review, as is the case with challenges to abortion restrictions, for example. *See Linkenhoker*, 529 F.2d at 52 (citing *Roe v. Wade*, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973)). On the contrary, this court is often called upon to review decisions of arbitrators in these disputes between the Union and coal companies, and has in fact done so recently. *See Island Creek Coal Co. v. Local Union 1640*, 28 F.Supp.2d 994 (W.D.Va.1998). If the Sea-

board # 2 mine had not run out of coal to be feasibly mined, the instant dispute would not be moot. There is no evidence to suggest that either the Silver Creek or Blair Tiller mines are in danger of running out of coal to be mined in the near future. Thus, it appears as though this issue can be adequately addressed in sufficient time if it is raised at a later date.

Having found that the case is moot, the court must dismiss it from the docket. *See Linkenhoker,* 529 F.2d at 54. However, Plaintiff contends that the court should order the decision of the arbitrator to be vacated. Plaintiff is concerned that this arbitrator's decision could be used as precedent in a future arbitration case between the parties (Plaintiff's Supplemental Response in Opposition to Defendants' Motion to Dismiss at 2). The Pittston Coal Group Wage Agreement of 1994, which governs arbitration of grievances between the parties to this case, says nothing about the use of prior arbitration decisions in future cases. It does provide that

> [a]ll decisions of the Arbitration Review Board [ARB] rendered prior to the expiration of the National Bituminous Coal Wage Agreement of 1978 shall continue to have precedential effect under this Agreement to the extent that the basis for such decisions have not been modified by subsequent changes in this Agreement.

Agreement, Article XXIV, Section k.

Thus, ARB decisions apparently are binding precedent. Despite the lack of explicit language in the Agreement, other arbitration decisions could be used as persuasive precedent, in the same manner that Fourth Circuit opinions are binding precedent in this court but opinions from the Sixth Circuit are merely persuasive and not binding upon this court. The parties have agreed that "[t]he arbitrator's decision ... shall govern only the dispute before him," Agreement, Article XXIV, Section c(4), but nothing in that agreement prevents one arbitrator from being swayed by a prior arbitration decision. In fact, this court has previously recognized that

an arbitrator's decisions are followed as precedent by other arbitrators. *Clinchfield Coal Co. v. Dist. 28, United Mine Workers of America,* 556 F.Supp. 522, 524 (W.D.Va.), *aff'd* 720 F.2d 1365 (4th Cir. 1983).

The Supreme Court has long recognized vacatur as a common and proper remedy in civil cases "to prevent a judgment, unreviewable because of mootness, from spawning any legal consequences." *United States v. Munsingwear,* 340 U.S. 36, 41, 71 S.Ct. 104, 95 L.Ed. 36 (1950). Eleven years later, the Court extended its reasoning to apply not only to judgments from lower courts but to cases in which review of governmental agency decisions was undertaken as well. *See A.L. Mechling Barge Lines, Inc. v. United States,* 368 U.S. 324, 82 S.Ct. 337, 7 L.Ed.2d 317 (1961). Likewise, this court believes the reasoning of *Munsingwear* and its progeny should extend to the arbitration context, where the courts are vested with the power of review of non-judicial decisions, as is the case with agency decisions.

The court draws support for this conclusion that vacatur of the arbitrator's decision is proper in this case from recent Supreme Court jurisprudence. *See U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership,* 513 U.S. 18, 115 S.Ct. 386, 130 L.Ed.2d 233 (1994). Justice Scalia, writing for a unanimous Court, examined the dicta of *Munsingwear,* where it was said that vacatur was an "established practice" in moot cases. *Id.* at 391. He noted that there was no uniform policy applying the equitable remedy of vacatur in such cases, and that instead, the Court undertook an examination of the facts of each case, principally looking to see "whether the party seeking relief from the judgment below [here, Clinchfield] caused the mootness by voluntary action." *Id.* If that is the case, then vacatur probably is improper. *Id.* at 392–93. However, if the mootness is not attributable to either party, vacatur is appropriate. *See Id.* at 390.

In the instant case, mootness has arisen "due to circumstances unattributable to

**516**

any of the parties." *Id.* As discussed above, mootness in this case has arisen because the Seaboard #2 mine has been mined out. This is not the type of unilateral action the Court referred to in *Bancorp*, when it denied a request for vacatur of the lower court's decision. Rather, the end of the availability of coal from the mine something that cannot be attributed to either party in this case. Thus, it is proper to vacate the arbitrator's decision in order to clear "the path for future relitigation of the issues between the parties and eliminate ... a judgment, review of which was prevented through happenstance." *Id.* (citing *Munsingwear,* 340 U.S. at 40, 71 S.Ct. 104).

III. Conclusion

Having found that this case is moot, it must be dismissed from this court's docket. Having further found that vacatur of the arbitrator's decision is proper in this case so as to prevent this unreviewable case from serving as precedent in further disputes between the parties, the court orders vacatur of that decision.

### *ORDER*

For the reasons stated in the memorandum opinion entered this day, it is hereby ORDERED that this case be dismissed because it has become moot. It is further ordered that the decision of arbitrator J. Reese Johnston, Jr. is vacated. This case shall be stricken from the docket of this court.