**In re Robert Ray HARRISON and Frankey Daylene Harrison, Debtors.**

**AGRICREDIT CORPORATION, Appellant,**

v.

**Robert Ray HARRISON and Frankey Daylene Harrison, Appellees.**

No. 92–5068.

United States Court of Appeals, Tenth Circuit.

March 3, 1993.

Thomas J. McGeady and Tommy R. Dyer, Jr. of Logan & Lowry, Vinita, OK, for appellant.

J. Scott McWilliams, Tulsa, OK, for appellees.

Before TACHA and BALDOCK, Circuit Judges, and BROWN,* Senior District Judge.**

BALDOCK, Circuit Judge.

Creditor Agricredit Corporation appeals from an order affirming the bankruptcy court's order which confirmed the debtors' first amended Chapter 12 bankruptcy plan (plan). We affirm.

Agricredit financed the debtors' purchase of several items of Massey Ferguson farm machinery with a purchase price of $66,400.00. In 1989, the Massey Ferguson tractor became inoperable, forcing the debtors to surrender the equipment and default on the remaining indebtedness to Agricredit. Agricredit instituted a replevin action in state court. On December 19, 1989, Agricredit replevied all collateral. The debtors responded by filing a breach of warranty counterclaim against Agricredit and a third-party petition against Massey Ferguson.

The debtors filed their Chapter 12 petition for bankruptcy on February 22, 1991. On April 26, 1991, the bankruptcy court modified the automatic stay of 11 U.S.C. § 362 to allow the debtors to liquidate the warranty claim, and to allow Agricredit, the successor in interest to Massey Ferguson, "to liquidate whatever claim it may have against the Debtors' estate." Aplt.'s App. doc. 2.

Agricredit filed a proof of claim on April 30, 1991. On the form in the section titled "classification of claim" it checked only the box indicating that its $34,083.12 claim was secured. It attached agreements describing the collateral. It also attached to the form a separate sheet titled "Exhibit 'B'" in which it stated that it has replevied the collateral and the debtors will be entitled to a setoff after the collateral is sold. The debtors did not object to the claim, and it was therefore deemed allowed. 11 U.S.C. § 502(a).

The debtors filed their plan on May 24, 1991. It listed Agricredit as a secured creditor with a claim of $34,083.12 that had a market value of $34,083.12. It provided that the debtors had surrendered all property securing Agricredit's claim pre-petition, and the claim had therefore been fully satisfied and Agricredit had no further claim against the estate.

On July 3, 1991, Agricredit filed an objection to the plan. It asserted that the plan failed to comply with certain subsections of 11 U.S.C. § 1225(a),[1] specifically: 1) it had

---

* Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation.

** After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

1. Section 1225(a) provides in part,
   (a) Except as provided in subsection (b), the court shall confirm a plan if—
   . . . .
   (3) the plan has been proposed in good faith and not by any means forbidden by law;

not been proposed in good faith, § 1225(a)(3); 2) the value, as of the effective date of the plan, of property to be distributed under the plan for each unsecured claim was less than would be paid if the estate were liquidated under chapter 7 of the Bankruptcy Code, § 1225(a)(4); 3) with respect to each secured claim provided for by the plan, the holder of such claim has not accepted the plan, the plan does not provide that the holder retain the lien securing the claim, the value of property to be distributed under the plan for each such claim is less than the allowed amount of the claim, and the debtors have failed to surrender the property securing the claims to such holders, § 1225(a)(5); and 4) the debtors would be unable to make all payments under the plan or to comply with the plan, § 1225(a)(6). Agricredit also objected to the plan "because of its failure to provide for Agricredit Acceptance Corporation's unsecured claim." Aplt.'s App. doc. 5 at 2. Agricredit had not filed an amended proof of claim for an unsecured claim.

A confirmation hearing was held on July 24, 1991.[2] After hearing evidence regarding Agricredit's objections, the bankruptcy court found that: 1) the plan was proposed in good faith; 2) as of the effective date of the plan, the value of payments to be distributed on account of each unsecured claim was not less than the amount that would have been paid on such claims if the estate had been liquidated under chapter 7;

(4) the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date;
(5) with respect to each allowed secured claim provided for by the plan—
(A) the holder of such claim has accepted the plan;
(B)(i) the plan provides that the holder of such claim retain the lien securing such claim; and
(ii) the value, as of the effective date of the plan, of property to be distributed by the trustee or the debtor under the plan on account of such claim is not less than the allowed amount of such claim; or
(C) the debtor surrenders the property securing such claim to such holder[.]

3) with respect to allowed secured claims, the requirements of § 1225(a)(5) had been met; and 4) the debtors provided sufficient evidence that they would be able to make all payments under the plan. It denied Agricredit's objections.

With respect to Agricredit's claim, the bankruptcy court found that

> *Agricredit Acceptance Corp.*, has filed a secured claim in the amount of $34,083.12. Debtor has surrendered all property securing this claim pre-petition. By virtue thereof, this creditors [sic] claim has been fully satisfied and therefore, this creditor shall not receive any payments through this Plan either as a secured creditor or unsecured creditor.

Aplt.'s App. doc. 6 at 9. Although not explicitly stated in its order, the bankruptcy court apparently concluded that because Agricredit's proof of claim asserted that its entire claim was secured, the surrender of the collateral satisfied the requirements of § 1225(a)(5)(C).

Agricredit appealed to the district court, raising one issue: whether the plan complied with § 1225(a)(4), which pertains to unsecured claims. The debtors responded that Agricredit had never objected to how its claim was treated in the plan, never asserted an unsecured claim until the plan was confirmed, and never filed a motion under 11 U.S.C. § 506(a)[3] to determine how much of its claim was secured versus unse-

**2.** Neither party has provided this court with a complete transcript of that hearing or copies of briefs filed with that court. Thus, we must rely on the bankruptcy court's order confirming the plan to determine what arguments were made before the bankruptcy court.

**3.** Section 506(a) provides in relevant part,

An allowed claim of a creditor secured by a lien on property in which the estate has an interest ... is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property ... and is an unsecured claim to the extent that the value of such creditor's interest ... is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

cured, which they asserted was Agricredit's responsibility. The debtors represented that the collateral securing Agricredit's claim was equal to the amount of the claim, a position they claim Agricredit had never disputed, and Agricredit therefore received the actual value of its claim as of the effective date of the plan. Debtor's Dist. Ct. Br. at 8, 10.[4]

The district court noted initially that the collateral had not yet been sold and the state court trial on the breach of warranty claim was scheduled for March 1992. The court assumed that Agricredit had filed a secured claim, and concluded that because Agricredit did not file a motion to value its secured claim under § 506, and did not assert an unsecured claim until the plan was confirmed, Agricredit was estopped from appealing the order confirming the plan on the ground that it did not comply with § 1225(a)(4). In affirming the order confirming the plan, it did not address any other aspects of the bankruptcy court's order.

■ Agricredit argues to this court that, regardless of which box it checked on the proof of claim form, its entire claim was unsecured as a matter of law under § 506(a). Consequently, Agricredit argues, the district court erred in concluding that it was estopped from challenging the plan under § 1225(a)(4) because it had not asserted an unsecured claim. Our standard of review is de novo. *Sweet v. Bank of Oklahoma (In re Sweet)*, 954 F.2d 610, 611 (10th Cir.1992).

■ 11 U.S.C. § 501(a) provides that a creditor may file a proof of claim. An unsecured creditor generally must file a proof of claim for the claim to be allowed. Bankr.R. 3002(a).[5] A properly filed proof of claim[6] is prima facie evidence of the validity and amount of the claim. Bankr.R.

3001(f). A proof of claim is the creditor's statement as to the amount and character of the claim. *In re Padget*, 119 B.R. 793, 797 (Bankr.D.Colo.1990). It is deemed allowed absent objection. Section 502(a). "In short, a proper claim timely filed stands, absent objection." *Padget*, 119 B.R. at 798. If objection is made to the proof of claim, the creditor has the ultimate burden of persuasion as to the validity and amount of the claim. *Id.*

■ In *Padget*, the creditor filed a proof of claim stating that its claim was secured by extensive collateral. After confirmation of the plan treating its claim as secured, it argued that the collateral was valueless and its claim should have been treated as a general unsecured claim. *Id.* at 795–96. The court concluded that the trustee properly treated the claim as secured because the proof of claim was, on its face, for a secured claim. *Id.* at 798. The court rejected the creditor's argument that, pursuant to § 506(a), the trustee was required to treat the claim as unsecured to the extent that it exceeded the value of the collateral securing the claim, notwithstanding the designation of the claim in the proof of claim, *id.* at 794. The court concluded that the creditor was not entitled to assert an unsecured claim for the deficiency after the sale of the collateral without filing an amended or supplemental proof of claim or otherwise providing sufficient notice of the same to the trustee. *Id.* at 796.

As in *Padget*, the proof of claim here was, on its face, for a secured claim. Agricredit did not file an amended or supplemental proof of claim before confirmation of the plan. The bankruptcy court properly treated the claim as secured.

■ Even if Agricredit's designation of its claim in its proof of claim is not binding, we disagree with its contention that its

---

**4.** The court has supplemented the record on its own motion with the parties' district court briefs.

**5.** The Northern District of Oklahoma has adopted the Bankruptcy Rules as local rules of court in chapter 12 cases. *Misc. No. 21. Chapter 12 Procedure: Standing Order (Rules Concerning Chapter 12 Procedure)*, Rule 12–1.

**6.** A proof of claim filed by a creditor must be filed within ninety days after the first date set for the 11 U.S.C. § 341 meeting. Bankr.R. 3002(c). That date was March 27, 1991. Ninety days thereafter was June 25, 1991.

entire claim was unsecured. Agricredit contends that because the collateral had been replevied pre-petition, the estate had no interest in it and its claim therefore was not "secured by a lien on *property in which the estate has an interest.*" Section 506(a) (emphasis added). Oklahoma Stat. tit. 12A, § 9–506, provides in part that "[a]t any time before the secured party has disposed of collateral ... the debtor ... may ... redeem the collateral." The collateral had not been sold even as of the date the debtors' appellate brief was filed. The estate continued to have an interest in the collateral. *See* 11 U.S.C. § 541(a)(1) (bankruptcy estate consists of all legal or equitable interests of debtor in property as of commencement of case).

While Agricredit's entire claim is not unsecured pursuant to § 506(a), it would have an unsecured claim for the amount by which its claim exceeds the value of the collateral. "Subsection (a) of § 506 provides that a claim is secured only to the extent of the value of the property on which the lien is fixed; the remainder of that claim is considered unsecured." *Eastland Mortgage Co. v. Hart (In re Hart)*, 923 F.2d 1410, 1413 (10th Cir.1991) (quoting *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 238–39, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989)). However, a request for valuation under § 506 must be made pursuant to motion under Bankr.R. 3012. *In re Doss*, 143 B.R. 952, 954 (Bankr. E.D.Okla.1992).[7] The bankruptcy court for the Northern District of Oklahoma has a standing order, *Misc. No. 21–B. Chapter 12 Procedure: Standing Order Chapter 12 Procedures*, 2.a., which requires any motion to value secured claims under § 506

to be filed no later than ten days after conclusion of the meeting of creditors.[8] Such a motion was not filed.

The parties disagree over who had the duty to file a motion to value. Bankruptcy R. 3012 offers little guidance, providing only that a court may determine the value of a secured claim "on motion of any party in interest." General principles governing the effect of a proof of claim convince us that, under the facts of this case, Agricredit had the burden of filing the motion to value. Its proof of claim was prima facie evidence as to the validity and amount of the claim. Bankr.R. 3001(f). Its claim was deemed allowed because no objection was filed. Section 502(a). If an objection had been filed, Agricredit would have had the burden of persuasion as to the validity and amount of the claim. *Padget*, 119 B.R. at 798. We conclude that Agricredit had the burden of accurately setting forth the nature of its claim in its proof of claim and of correcting its claim through an amended or supplemental proof of claim or a motion to value under § 506(a) and Bankr.R. 3012.

This is not to say that in every instance the creditor is responsible for filing a Bankr.R. 3012 motion. Any party in interest who seeks a value determination must file the motion pursuant to Bankr.R. 3012. Since Agricredit filed a proof of claim only for a secured claim, and later maintained that its claim was partially unsecured, it was obligated to file the motion.

■ Agricredit contends that the bankruptcy court's modification of the stay of § 362 to allow the collateral to be sold and the deficiency liquidated precluded the need for a § 506 valuation. We disagree. The valuation of collateral under § 506(a) is

---

**7.** Two bankruptcy courts have concluded that a Bankr.R. 3012 motion is not necessary to have collateral valued as part of the confirmation process. *In re Pourtless*, 93 B.R. 23, 25 (Bankr. W.D.N.Y.1988); *accord In re Fox*, 142 B.R. 206, 208 (Bankr.S.D.Ohio 1992). Further, *Fobian v. Western Farm Credit Bank (In re Fobian)*, 951 F.2d 1149, 1151 (9th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 3031, 120 L.Ed.2d 902 and —— U.S. ——, 112 S.Ct. 3032, 120 L.Ed.2d 902 (1992), held that a bankruptcy court could not determine whether a plan complied with § 1225 without applying § 506.

However, *Piedmont Trust Bank v. Linkous (In re Linkous)*, 141 B.R. 890, 894 (Bankr.W.D.Va. 1992), declined to follow *Pourtless* on the ground that nothing in Bankr.R. 3012 indicates it is an optional procedure to present the valuation issue. Further, *Fobian* is not especially helpful because it does not address whether a motion must be brought to raise the § 506 valuation issue. We adopt the reasoning of *Linkous* and conclude that a Bankr.R. 3012 motion is necessary to obtain a § 506 valuation.

**8.** We do not decide the validity of this standing order under the facts of this case.

to be determined in conjunction with the hearing on the plan. Section 506(a). The sale was not completed by the time the plan was confirmed.

Because we conclude that Agricredit only filed a secured claim, we agree with the district court that it is estopped from challenging the plan for failing to comply with § 1225(a)(4). Therefore, the judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.