In re Hugh Daniel DePAOLO d/b/a Hugh D. DePaolo, M.D. d/b/a Casper Birthing Center and Siri Jane DePaolo, Debtors.

Hugh Daniel DePAOLO d/b/a Hugh D. De-Paolo, M.D. d/b/a Casper Birthing Center and Siri Jane DePaolo, Appellants,

v.

UNITED STATES of America, acting Through the INTERNAL REVENUE SERVICE, Appellee.

No. 93–CV–0291–B.
Bankruptcy No. 87–05050–B.
Adv. No. 93–1005.

United States District Court,
D. Wyoming.

Jan. 13, 1994.

Jeffrey T. Wegner, Omaha, NE, for debtors/appellants.

Donald R. Wrobetz, Asst. U.S. Atty., Cheyenne, WY, Susan G. Laughlin, Dept. of Justice, Tax Div., Washington, DC, for appellee.

***ORDER REVERSING THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF WYOMING'S ORDER GRANTING IRS' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S CROSS–MOTION FOR SUMMARY JUDGMENT***

BRIMMER, District Judge.

The above-entitled matter having come before the Court and the Court having reviewed the materials on file herein, having heard argument from the parties, and being fully advised in the premises, FINDS and ORDERS as follows:

### Background

This appeal presents the question of whether a creditor, three years after confirmation of a Chapter 11 plan of reorganization and eighteen months after the Chapter 11 proceeding is closed, may unilaterally assert against a debtor, a claim larger than the claim that was finally determined and allowed during the Chapter 11 proceeding.

The debtors filed a voluntary Chapter 11 petition and subsequently filed a plan of reorganization. The plan provided for the payment in full of the Internal Revenue Service's ("IRS") income tax claim for the 1986 and 1987 tax years in monthly installments over six years. On four separate occasions, the IRS filed proofs of claim with respect to its 1986 claim. In each instance the IRS represented to the debtors and the bankruptcy court that the amount of its 1986 income tax claim was $26,724.00. The debtors did not object to the IRS' proof of claim. The IRS did not object to the plan. The bankruptcy court approved the plan on April 19, 1988. The IRS did not appeal the order confirming the plan.

Following the confirmation of the plan, the IRS filed amended proofs of claim which reflected payments received by the IRS under the plan. On October 18, 1989, the bankruptcy court entered its Final Decree and Order Closing Case. In November, 1989 (nineteen months after confirmation of the plan), the IRS notified the debtors of its intent to audit the debtors' 1986 tax return. On June 24, 1991, eighteen months after the case was closed, the IRS issued a notice of deficiency to the debtors, asserting that the debtors were liable for additional taxes for the 1986 tax year as well as penalties for subsequent years. In November of 1992, the IRS issued statutory notices of deficiency to the debtors for the 1986 and 1987 tax years. The IRS attempted to increase the amount of the 1986 tax claim to $38,725.00 and sought to impose a penalty against the debtors' bankruptcy estate for the 1987 tax year.

The debtors instituted an adversary proceeding against the IRS seeking a declaratory judgment that the principles of *res judicata* and estoppel precluded the IRS from attempting to collect additional taxes from the debtors on account of the 1986 and 1987 tax years. Both the IRS and the debtors filed motions for summary judgment and in September, 1993, the bankruptcy court granted the IRS' motion, and denied the debtors' cross-motion for summary judgment. The bankruptcy court reasoned that the IRS was entitled to judgment as a matter of law because "the tax at issue is a new tax which was not previously treated under the debtors' confirmed Chapter 11 Plan." The debtors appeal from this order.

### Standard of Review

Generally, a reviewing court shall not set aside the bankruptcy court's findings of fact unless clearly erroneous. A finding of fact is clearly erroneous if, after reviewing the record, the appellate court firmly believes a mistake has been made. *In re Hart*, 923 F.2d 1410, 1411 (10th Cir.1991). By contrast, the reviewing court may review the bankruptcy court's conclusions of law *de novo*. *See In re Raymond*, 987 F.2d 675, 676 (10th Cir.1993); *In re Robinson*, 987 F.2d 665, 667 (10th Cir.1993).

The order appealed from in this case granted the IRS' motion for summary judgment and denied the debtors' cross-motion for summary judgment. An appellate court reviewing a summary judgment order uses

the same standard employed by the trial court under Federal Rule of Civil Procedure 56. *Miller v. Armstrong World Indus., Inc.,* 949 F.2d 1088, 1090 (10th Cir.1991); *Osgood v. State Farm Mutual Auto Ins. Co.,* 848 F.2d 141, 143 (10th Cir.1988). That is, the reviewing court determines, without deference to the lower court's findings, whether there are any genuine issues of material fact and whether the moving party was entitled to judgment as a matter of law. *Miller,* 949 F.2d at 1090.

This Court's review of the record in this case reveals no material factual disputes. Moreover, this Court reaches legal conclusions contrary to those of the Bankruptcy Court, and as a result, holds that the appellants, not the IRS, are entitled to judgment as a matter of law.

### Discussion

In the IRS' motion for summary judgment the IRS argued that the amounts sought to be collected by the IRS in its notices of deficiency for the 1986 and 1987 tax years were "new claims" that were unconnected with the prior bankruptcy proceedings. The bankruptcy court granted the IRS' motion for summary judgment. The appellant contends that in so holding, the bankruptcy court ignored the well-established doctrine of *res judicata.* The debtors contend that because the IRS' current demand for additional 1986 and 1987 taxes arises out of the same claim or cause of action as that involved in the prior bankruptcy proceedings, the prior bankruptcy proceedings serve to bar the IRS from attempting to increase the amount of its 1986 and 1987 tax claims.

█ In the interest of promoting finality of judgments, *res judicata,* or claim preclusion, prohibits a party from relitigating claims that have already been decided or from raising claims that could have been raised in an earlier proceeding. *In the Matter of Baudoin,* 981 F.2d 736, 739 (5th Cir. 1993). In judging the preclusive effect of a prior judgment the Court must consider whether four elements are present:

a bankruptcy judgment bars a subsequent suit if: 1) both cases involve the same parties; 2) the prior judgment was ren-

dered by a court of competent jurisdiction; 3) the prior decision was a final judgment on the merits; and 4) the same cause of action is at issue in both cases.

*Baudoin,* 981 F.2d at 740 (citing *Latham v. Wells Fargo Bank, N.A.,* 896 F.2d 979, 983 (5th Cir.1990)).

The IRS does not dispute the existence of the first two elements, nor could it reasonably do so. In this instance both cases, the prior bankruptcy proceeding and the case at bar, involve the same parties: the IRS and the debtors. In addition, the prior judgment was rendered by the bankruptcy court, a court of competent jurisdiction.

█ The question of whether the filing and subsequent allowance of a proof of claim is a final judgment on the merits has been answered by a number of courts. The allowance of a claim, whether or not accompanied by a formal order, is a judicial act which should be given the same preclusive effect as any other judgment of a competent court. *In the Matter of Schwab,* 613 F.2d 1279, 1283 (5th Cir.1980); *Baudoin,* 981 F.2d at 742; *United States v. American Surety Co. of New York,* 56 F.2d 734, 736 (2d Cir.1932). The Supreme Court has stated that "a creditor who offers a proof of claim and demands its allowance is bound by what is judicially determined." *Katchen v. Landy,* 382 U.S. 323, 334, 86 S.Ct. 467, 475, 15 L.Ed.2d 391 (1966) (noting that "normal rules of *res judicata* and collateral estoppel apply to the decisions of bankruptcy courts"). The Tenth Circuit has recently reaffirmed this principle. *In re Harrison,* 987 F.2d 677, 680 (10th Cir.1993). In *Harrison,* the creditor had filed a proof of claim indicating that it had a secured claim in the debtor's chapter 12 proceeding. The creditor later sought to assert that it also had an unsecured deficiency claim. The Tenth Circuit, affirming decisions of the bankruptcy court and the district court, held that the creditor was bound by its proof of claim because the creditor had not amended its proof of claim prior to confirmation. *Id. See also Cohen v. United States,* 115 F.2d 505, 506 (1st Cir.1940) (stating that "where the proof of claim of the United States for taxes had been allowed by the

referee in bankruptcy, and no petition for review had been filed, the adjudication of the amount and legality of the taxes became final").

■ In the case at bar, the IRS' proofs of claim in the debtors' prior Chapter 11 proceeding judicially determined the legality and amount of the tax claims. On four separate occasions the IRS filed documents with the Bankruptcy Court in which it voluntarily represented that the amount of its 1986 tax claim was $26,724.00. The confirmed plan of reorganization provided for the payment in full of the IRS' claims. Moreover, the IRS neither objected to the plan, nor did it appeal the bankruptcy court's order confirming the plan. Thus, the bankruptcy court's adjudication of the amount of the debtors' 1986 and 1987 taxes was a final judgment on the merits.

■ The IRS argues that its claim for deficiencies constituted a new claim or cause of action, different than that determined in the prior bankruptcy proceedings and thus even though the bankruptcy proceedings constitute a final judgment, its current claim for deficiencies is not barred by *res judicata*.[1] The debtors contend, however, that the IRS' claim for deficiencies constitutes the same claim or cause of action and is thus barred.

The Bankruptcy Code defines a claim to be a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C. § 101(5). The Restatement (Second) of Judgments defines a claim to include all rights arising out of "a common nucleus of operative facts."

Restatement (Second) of Judgments § 24, cmt. b. (1982). It is irrelevant whether, in the first action, the party was ignorant regarding the complete monetary amount of its claim. For, "if a plaintiff who had recovered a judgment against a defendant in a certain amount becomes dissatisfied with his recovery and commences a second action to obtain increased damages, the court will hold him precluded." *Id.* § 25, cmt. c.

The deficiency now sought to be collected by the IRS is on account of income taxes allegedly owed by the debtors for the 1986 and 1987 tax years. The reorganization plan, however, provided for the payment in full of income taxes for these years. Consequently, the IRS' deficiency assessment arises out of the same transaction or common nucleus of operative facts as were at issue in the prior bankruptcy proceedings. Accordingly, it constitutes the same claim as was decided in the bankruptcy proceedings and is thus barred by the doctrine of *res judicata*.

In sum, the IRS made a conscious decision to participate in the bankruptcy proceedings by filing proofs of claim and by agreeing to the debtors' reorganization plan which included repayment of the 1986 and 1987 taxes. The IRS never objected to the plan nor did it appeal the bankruptcy court's approval of the plan. The IRS is thus bound by the bankruptcy court's determinations in the prior proceedings and cannot now assert a claim for those very same taxes adjudicated in the prior proceedings.[2]

Therefore, it is

**ORDERED** that the order of the bankruptcy court be, and hereby is, **REVERSED**

---

1. The IRS relies heavily upon the case of *In re Grynberg*, 986 F.2d 367 (10th Cir.1993). Because the tax claim was non-dischargeable under 11 U.S.C. § 1141(d)(2), the *Grynberg* court held that the IRS was not obligated to file a claim in the bankruptcy proceedings and was free to pursue its claim outside the bankruptcy proceedings. That case, however, is distinguishable from the case at bar because there the IRS had not filed a proof of claim for the gift taxes at issue and the debtor's plan of reorganization did not provide for the payment of the tax liability. In the case at bar, the IRS had filed proofs of claim on account of its non-dischargeable tax claim, thereby consenting to the Bankruptcy Court's determi-

nation of the amount of the claim. *See In re Martin*, 150 B.R. 43, 46–48 (Bankr.S.D.Cal.1993) (holding that IRS was bound by plan and Bankruptcy Code's method of determining amount of non-dischargeable claim where IRS had filed proof of claim for non-dischargeable tax debt).

2. The debtors argue, in the alternative, that even if *res judicata* does not preclude the IRS from bringing its claim, the IRS is estopped from doing so. Because the Court determined above that the doctrine of *res judicata* bars the IRS's claims, it does not reach this argument.

and **REMANDED** to the bankruptcy court for proceedings consistent with this opinion.