In re ENVIROCON INTERNATIONAL CORP., Debtor.

In re SUN BAY GROUP, INC., Debtor.

In re FLORIDA GYPSUM SUPPLY, INC., Debtor.

UNITED STATES of America, Appellant,

v.

Gordon L. KIESTER, Trustee, Appellee.

No. 96–1770–CIV–T–17C.

United States District Court, M.D. Florida, Tampa Division.

April 20, 1998.

Gordon Livingston Kiester, Jr., Law Office of Gordon L. Kiester, Jr., Tampa, FL, for Envirocon International Corp., Sun Bay Group, Inc. and Florida Gypsum Supply, Inc.

David N. Geier, U.S. Dept. of Justice, Washington, DC, for Appellant.

Gordon Livingston Kiester, Jr., Law Office of Gordon L. Kiester, Jr., Tampa, FL, for Appellee.

## ORDER ON MOTION FOR REHEARING

KOVACHEVICH, District Judge.

This cause is before the court on Appellant's Motion for Rehearing and Memorandum in support.(Docket No. 12).

### STANDARD OF REVIEW

A motion for rehearing, reviewed in the same manner as a motion for reconsideration, must demonstrate why the court should reexamine its prior decision, and "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Cover v. Wal–Mart Stores, Inc.,* 148 F.R.D. 294 (M.D.Fla.1993). Courts have recognized three grounds for justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear and manifest injustice. *Kern–Tulare Water Dist. v. City of Bakersfield,* 634 F.Supp. 656, 665 (E.D.Cal.1986). The court will not reconsider when a motion does not raise new issues, but only relitigates what has already been found lacking. *Government Personnel*

*Services, Inc. v. Government Personnel Mutual Life Insurance Co.,* 759 F.Supp. 792 (M.D.Fla.1991).

## BACKGROUND

Pursuant to an order entered on February 26, 1991, the bankruptcy court consolidated the cases of *In re Envirocon International Corp* . (Case No. 96–06292–8B7), *In re Sun Bay Group, Inc.*(Case No. 90–06658–8B7), and *In re Florida Gypsum Supply, Inc.* (Case No. 90–06659–BKC–8B7). Following consideration of the matter, the court entered an order styled "Order Allowing Secured Claim and Determining Right of Distribution." In addressing a secured claim filed by the United States, the Order proclaimed that the Internal Revenue Service failed to obtain a valuation of its collateral pursuant to 11 U.S.C. § 506, and failed to file a deficiency claim. The Order also stated that the Chapter 7 Trustee did not liquidate the collateral subject to the government's federal tax liens. As a consequence, the bankruptcy court held that the United States was not entitled to a distribution from the bankruptcy estate on account of its secured claim.

On November 12, 1997, this Court entered a Final Judgement and Order on Appeal affirming the "Order Allowing Secured Claim and Determining Right of Distribution." In so doing, this Court determined that a request for valuation under 11 U.S.C. § 506 must be made pursuant to a motion under Bankruptcy Rule 3012. This Court, like the bankruptcy court, held that because the government neglected to file a motion to value its collateral, it was not entitled to receive a distribution of the estate. Pursuant to Rule 8015, Fed. R. Bankr.P., the United States moves for a rehearing of the issues decided.

## DISCUSSION

■ As the basis for its Motion, the government asserts that this Court strayed from the statutorily mandated distribution scheme, as decreed by 11 U.S.C. § 724, when it prohibited the government from receiving any distribution on its secured claim. The government asserts that nothing in Rule 3012, Fed. Bankr.P. suggests that a creditor is required to obtain a judicial determination of the value of its secured claim prior to receiving a distribution. In addition, the government cites Rule 3001, Fed. Bankr.P., for the notion that a proof of claim "shall constitute prima facie evidence of the validity of the amount of the claim." Where the creditor has not filed a motion pursuant to Fed R. Bankr.P. 3012, the Trustee will still be required to pay the creditor's secured claim due to the claim's presumption of correctness under Rule 3001. The government argues that 11 U.S.C. § 506(a) does not alter this framework.

The United States, in its Motion, cites no case law for support, but chooses instead to simply distinguish the case law relied upon by this Court in its Order on Appeal (Docket No. 9). For its position, the government relies solely on what it considers to be the proper statutory scheme.

In support of its Order on Appeal, this Court cited *Agricredit Corp. v. Harrison,* 987 F.2d 677 (10th Cir.1993), and *Piedmont Trust Bank v. Linkous,* 141 B.R. 890 (W.D.Va.1992). These cases propose that 11 U.S.C. § 506(a) requires a secured party to request, pursuant to motion under Fed R. Bankr.P. 3012, that a valuation of the secured party's collateral be conducted. This Court reasoned, based on the relevant statutes and the aforementioned case law, that valuation is essential to determining the secured status of a claim. This Court also determined that Bankruptcy Rule 3012 provides a mandatory procedural framework for obtaining such a valuation. The Rule reads:

> The court may determine the value of a claim secured by a lien on the property in which the estate has an interest on motion of any party in interest and after a hearing on notice to the holder or the secured claim and any other entity as the court may direct.

According to *Linkous,* the permissive aspect of Rule 3012 lies only in the court's discretion to deny the motion. "Aside from the verb 'may' that confers this discretion on the court, there is nothing to indicate that 3012 is ... merely optional." *Linkous,* 141 B.R. at 894.

This Court finds, based on the strength of its prior rationale, that the government's motion for rehearing does not "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Cover v. Wal–Mart Stores, Inc.*, 148 F.R.D. 294 (M.D.Fla.1993). The government's position has been carefully reconsidered, and though an analysis of the statutory language and case law reveals a certain level of·confusion with regard to whether valuation is indeed a prerequisite to a secured party's taking part in the disposition of an estate, this Court's prior resolution of the issue is both well supported and in line with the statutory language.

As set forth in 11 U.S.C. § 724(3), a distribution scheme which provides for apportionment from the bankruptcy estate "to the holder of such tax liens, to any extent that such holder's allowed tax claim that is secured by such tax liens exceeds any amount distributed under paragraph 2 of this subsection." As applied to the instant case, this language entitles the appellant, as holder of a tax lien, to a distribution from the bankruptcy estate. It must be noted, however, that such a lien, "is a secured claim to the extent of the value of such creditor's interest in such property ..." 11 U.S.C. § 506.ˈ To determine distribution entitlement, then, the collateral must be valued.

 Case law has established that, pursuant to Rule 3012, Fed. Bankr.P., a request for valuation must be made by motion to the court. *See Agricredit Corp. v. Harrison*, 987 F.2d 677, 681 (10th Cir.1993), *Piedmont Trust Bank v. Linkous*, 141 B.R. 890, 894 (W.D.Va.1992). As evidenced by the language of the Rule, any party in interest may move for a valuation. The courts in both *Harrison* and *Linkous*, however, have held that a secured creditor has the burden of doing so in situations where it wants to maintain its entitlement to a distribution from the bankruptcy estate on its partially secured claim. As this court pointed out in its Order on Appeal, the appellant in the instant case seeks to do just that; maintain entitlement to a distribution on its partially secured claim. And, as occurred in both the *Harrison* and *Linkous* decisions, the appellant failed to file a timely motion to value its collateral as required by 11 U.S.C. § 506(a). It would follow, then, that based on the rules cited by both parties, the appellant surrendered its right to take part in the bankruptcy estate's distribution of assets.

As stated above, the appellant in the instant case has failed to demonstrate an argument of convincing enough nature to induce this Court to reverse its prior decision. Though the appellant has raised legitimate questions as to the specific prerequisites for maintaining a secured creditor's entitlement to distribution, this Court provides an answer to those questions founded in a strict application of statutory language and what little judicial interpretation exists. Accordingly, it is

**ORDERED** that the appellant's Motion for Rehearing (Docket No. 12) be **DENIED** and this Court's previous Order on Appeal (Docket No. 9) is reaffirmed.