In Re: HARFORD SANDS INC; Harford Industrial Minerals, Incorporated, Debtors.

Terry D. Stancill; Jerry Stancill; Timothy K. Stancill; Timothy D. Stancill, Plaintiffs–Appellants,

v.

Harford Sands Inc, Debtor–Appellee.

No. 03–2249.

United States Court of Appeals, Fourth Circuit.

Argued: May 5, 2004.

Decided: June 16, 2004.

**ARGUED:** Charles Kevin Kobbe, Piper Rudnick, L.L.P., Baltimore, Maryland, for Appellants. Troy Christopher Swanson, Cohen & Swanson, Baltimore, Maryland, for Appellee. **ON BRIEF:** Richard M. Kremen, Jodie E. Buchman, Piper Rudnick, L.L.P., Baltimore, Maryland, for Appellants.

Before WILKINSON and WILLIAMS, Circuit Judges, and Bobby R. BALDOCK, Senior Circuit Judge of the United States Court of Appeals for the Tenth Circuit, sitting by designation.

Affirmed by published opinion. Senior Judge Baldock wrote the opinion, in which Judge Wilkinson and Judge Williams concurred.

BALDOCK, Senior Circuit Judge:

Debtor Harford Sands Inc. ("Harford Sands") voluntarily filed a Chapter 11 bankruptcy petition. Appellants Terry D. Stancill, Jerry Stancill, Timothy D. Stancill, and Timothy K. Stancill ("Stancills") filed a proof of claim in the bankruptcy court. The Stancills claimed Harford Sands owed them $250,688.17 for dirt they sold Harford Sands on account. Harford Sands objected to the proof of claim. The bankruptcy court sustained the objection and disallowed the claim because it was speculative and unenforceable under non-bankruptcy law. The district court affirmed for the same reasons. The Stancills argue on appeal that the bankruptcy court and district court erred in both respects.

 "We review the judgment of a district court sitting in review of a bankruptcy court de novo, applying the same standards of review that were applied in the district court." *Three Sisters Partners, LLC v. Harden,* 167 F.3d 843, 847 (4th Cir.1999). We thus review the bankruptcy court's legal conclusions de novo and its factual findings for clear error. *United States Dep't of Health & Human Serv. v. Smitley,* 347 F.3d 109, 115–16 (4th Cir.2003). Applying this standard, we affirm for the same reasons as the bankruptcy court and district court.

I.

The Stancills have operated Stancills, Inc., a rubble landfill pit, on a forty-five acre parcel of land known as the "Oak Avenue Property" since the early 1980s. Larry Stancill (the brother of three Appellants and uncle of the other) is the owner and operator of Harford Sands, which sells sand and gravel. Stancills, Inc. (through Appellants) allegedly entered into an oral contract with Harford Sands (through Larry Stancill) to remove dirt from the Oak Avenue Property in 1986. The parties allegedly agreed Harford Sands would purchase the dirt at the price of $1 per ton (later negotiated to $0.25 per ton). Under the agreement, Harford Sands was to remove the dirt, weigh it, and report the tonnage back to Stancills, Inc. in order to determine the amount owed. Payment was not due under the alleged contract, however, until Harford Sands had the financial ability to pay for the dirt.

The Stancills subsequently formed "Pappy Inc." in 1988. Shortly thereafter, Pappy Inc. entered into a contract with Stancills, Inc. for the purchase of the Oak Avenue Property. At the time of the sale, the Stancills claimed Harford Sands owed Stancills, Inc. $104,000 for dirt removed from the Oak Avenue Property. The contract of sale, however, did not reference the $104,000 asset. The Stancills nevertheless assert the $104,000 asset was transferred from Stancills, Inc. to Pappy Inc. when the former purchased the Oak Avenue Property. From 1988 to 1990, Harford Sands allegedly removed another $71,688 worth of dirt from the Oak Avenue Property. Thus, according to the Stancills, the total amount Harford Sons allegedly owed Pappy Inc. at the end of 1990 was $175,688. Harford Sands continued to remove dirt from the Oak Avenue Property until 1993. The Stancills estimated the dirt removed between 1990 and 1993 was worth $75,000.[1] Stancills, Inc. subsequent-

1. On appeal, the Stancills have abandoned their claim for the $75,000 worth of dirt alleg-

edly removed between 1990 and 1993. (Aplt.'s Br. at 18 n. 2).

ly obtained three deeds of trust from Harford Sands in the mid–1990s. The deeds were executed for past due receivables pertaining to dirt Harford Sands purchased from Stancills, Inc. Larry Stancill believed the deeds of trust satisfied all his outstanding debt pertaining to dirt removed from the Oak Avenue Property.

In 1997, the Stancills sold Pappy Inc. to an unrelated third party. At the time of sale, Pappy Inc.'s financial records did not reference any claims against Harford Sands as an asset of the company. The contract of sale, however, referenced a "Harford Sands Receivable" as an "Excluded Asset." The contract did not mention the value of the putative account receivable. After the sale, the Stancills assert they became the individual owners of the putative account receivable because it was excluded from the contract of sale. In 2000, the Stancills requested payment for the dirt Harford Sands removed from the Oak Avenue Property for the first time. Harford Sands rejected the demand and denied any liability for the dirt. Harford Sands' financial records, however, referenced a $175,688 "liability" and "account payable" to Pappy Inc. Harford Sands also referenced the $175,688 liability on its federal income tax returns for the years 1987 to 1999. Harford Sands petitioned for bankruptcy shortly after the demand for payment.

## II.

■ The Stancills challenge the bankruptcy court's finding that they failed to prove the amount and validity of their claim by a preponderance of the evidence. The Bankruptcy Code provides that a creditor in a Chapter 11 bankruptcy proceeding may file a proof of claim. 11 U.S.C. §§ 103(a), 501(a); *see also* Fed. R. Bankr.P. 3003(c)(1); *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship.,* 507 U.S. 380, 382, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). A proof of claim is the creditor's statement as to the amount and character of the claim. Fed. R. Bankr.P. 3001(a). "[T]he allowance or disallowance of a claim in bankruptcy is a matter of federal law left to the bankruptcy court's exercise of its equitable powers." *Canal Corp. v. Finnman,* 960 F.2d 396, 404 (4th Cir.1992). The holder of an "allowed claim" may receive distributions from the bankruptcy estate in a Chapter 11 proceeding. 4 *Collier on Bankruptcy* ¶ 502.01 (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev. 2004) ("Collier").

■ The Bankruptcy Code establishes a burden-shifting framework for proving the amount and validity of a claim. The creditor's filing of a proof of claim constitutes prima facie evidence of the amount and validity of the claim. 11 U.S.C. § 502(a); Fed. R. Bankr.P. 3001(f). The burden then shifts to the debtor to object to the claim. 11 U.S.C. § 502(b); *Finnman,* 960 F.2d at 404. The debtor must introduce evidence to rebut the claim's presumptive validity. Fed. R. Bankr.P. 9017; Fed.R.Evid. 301; 4 *Collier* at ¶ 501.02[3][d]. If the debtor carries its burden, the creditor has the ultimate burden of proving the amount and validity of the claim by a preponderance of the evidence.[2] *Id.* at ¶ 502.02[3][f]. The creditor's

---

2. We have not previously addressed how the bankruptcy rules allocate the burden of proof for purposes of establishing the amount and validity of a claim filed pursuant to 11 U.S.C. § 501(a). Our reading of the bankruptcy rules, however, is in accord with our sister circuits that have addressed the issue. *See Juniper Dev. Group v. Kahn,* 993 F.2d 915, 925 (1st Cir.1993); *In re Allegheny Int'l, Inc.,* 954 F.2d 167, 173–74 (3d Cir.1992); *Fabricators Inc. v. Technical Fabricators, Inc.,* 926 F.2d 1458, 1465 (5th Cir.1991); *FDIC v. Union Entities,* 83 F.3d 1020, 1025 & n. 3 (8th Cir.1996); *Agricredit Corp. v. Harrison,* 987 F.2d 677, 680 (10th Cir.1993); *see also* 2 William L. Norton, Jr. *Norton Bankruptcy Law and Practice* § 41:6 (2d ed.2003).

burden is heightened when it is an "insider" of the debtor. *See Pepper v. Litton,* 308 U.S. 295, 306, 60 S.Ct. 238, 84 L.Ed. 281 (1939). The Code defines an "insider" as, among other things, the relative of a director, officer, or person in control of the debtor corporation. 11 U.S.C. § 101(31)(B)(vi). An insider's dealings with a bankrupt corporation are ordinarily subject to "rigorous" or "strict" scrutiny. *Fabricators Inc. v. Technical Fabricators, Inc.,* 926 F.2d 1458, 1465 (5th Cir.1991); *Brewer v. Erwin & Erwin, P.C.,* 942 F.2d 1462, 1465 (9th Cir.1991); *In re Inter–Island Vessel Co., Inc.,* 98 B.R. 606, 608–09 (Bankr.D.Mass.1988). In such a situation, the "burden is on an insider claimant to show the inherent fairness and good faith of the challenged transaction." *Id.*

■ Applying the burden-shifting framework in this case, the Stancills' claim was presumptively valid when they filed their proof of claim. Harford Sands, however, objected to the claim and introduced evidence of the claim's invalidity. Specifically, Harford Sands introduced evidence that: (1) the amount of the claim was arrived at arbitrarily without any supporting documentation; (2) the Stancills were not the rightful owners of the alleged $175,688 debt because no evidence existed demonstrating Stancills, Inc. assigned the debt to Pappy Inc., and even assuming such assignment, no evidence existed demonstrating Pappy Inc. assigned the debt to the Stancills; and (3) the claim was time-barred under Maryland's four year statute of limitations, *see* Md. Comm.Code § 2–725(1), for breach of contract actions. The bankruptcy court found, and we agree, Harford Sands carried its burden of rebutting the claim's presumptive validity.

■ Accordingly, the Stancills had the ultimate burden of proving the amount and validity of their claim by a preponderance of the evidence. Additionally, the Stancills are "insiders" under the Code because they are relatives of the person in control of Harford Sands (Larry Stancill). As such, the Stancills' claim is subject to rigorous scrutiny. As the bankruptcy court found, the Stancills have not carried their heightened burden for two reasons.

First, the Stancills failed to prove the actual amount of their claim. In the bankruptcy court, and again on appeal, the Stancills maintain their accountant arrived at a figure of $175,688 for their claim based on tonnage slips and hauling receipts Harford Sands provided them under the alleged oral contract. The Stancills, however, have not included any such tonnage slips or hauling receipts in the record on appeal.[3] The Stancills' accountant, Carl Ray Mann, testified he arrived at the $175,688 figure based on some "adding machine tape," handwritten notes, and hauling tickets received between 1982 and 1987.[4] Mann did not explain how such evidence, *assuming* it exists, proves Harford Sands removed 175,688 tons of dirt from the Oak Avenue property between 1986 and 1990.

Despite the dearth of evidence on how they arrived at the $175,688 figure, the Stancills nevertheless argue the claim is not speculative because the figure ap-

---

**3.** Based on the terms of the alleged oral contract (i.e., Harford Sands owed $1.00 for each ton of dirt removed), Harford Sands would have had to remove *at least* 175,688 tons (or over 351–million pounds) of dirt from the forty-five acre parcel of land over a four year period. Appellants' counsel conceded at oral argument that the Stancills did not have tonnage slips or hauling receipts accounting for 175,688 tons of dirt removed from the Oak Avenue Property.

**4.** Mann was also the accountant for Harford Sands. As the district court noted, the bankruptcy court may have discredited Mann's testimony because he "labored under substantial conflicts of interest."

peared in Harford Sands' balance sheets as a liability. Harford Sands' acknowledgment of the debt, however, does not prove how that debt arose. Moreover, Larry Stancill did not know why the $175,688 liability was reported on Harford Sands' financial records. According to Larry Stancill, Mann wrote the $175,688 liability into Harford Sands' balance sheets at the direction of Terry Stancill. Larry Stancill further claimed Harford Sands never removed $175,688 worth of dirt from the Oak Avenue Property and that he repaid the Stancills in three separate deeds of trust for any dirt the company did remove from the property. The bankruptcy court obviously found Larry Stancills' testimony more credible than the Stancills' and Mann's testimony. We do not reweigh the credibility of witnesses on appeal. *See* Fed. R. Bankr.P. 8013. Without any other evidence in the record demonstrating how the Stancills arrived at the $175,688 figure, we must affirm the bankruptcy court's finding that the amount and nature of the Stancills' claim is "highly speculative."

Second, the Stancills never produced any evidence demonstrating they were the rightful owners of the putative account receivable. Instead, the Stancills attempt to succeed to the rights of Pappy Inc. The record, however, does not contain any evidence Pappy Inc. assigned the putative account receivable to the Stancills. In fact, Pappy Inc.'s balance sheets never acknowledged the existence of the Harford Sands account receivable. The Stancills' argument that they succeeded to the Harford Sands account receivable because it was an excluded asset when they sold the Oak Avenue Property to a third party is misplaced. The contract of sale for the property does list the Harford Sands account receivable as an excluded asset;

however, the contract does not place any value on the amount of the account. As discussed above, the Stancills have not proven the value of the alleged account because no evidence exists regarding how much dirt Harford Sands actually removed from the Oak Avenue Property. Additionally, the shareholders of a close corporation, such as the Stancills, cannot simply "create" an account receivable for the first time in a contract of sale when the corporation has no records whatsoever of that alleged account.

In sum, the Stancills have failed to carry their burden of proving the amount and validity of their claim by a preponderance of the evidence. The Stancills, as insiders of Harford Sands, have clearly failed to demonstrate the inherent fairness surrounding their exceptionally unconventional business dealings with Harford Sands. The bankruptcy court correctly sustained Harford Sands' objection to the Stancills' proof of claim.[5]

For the foregoing reasons, the district court's October 6, 2003 Order affirming the bankruptcy court's disallowance of the Stancills' claim is

*AFFIRMED.*

---

5. We need not reach the issue of whether the Stancills' claim is enforceable under non-bankruptcy law because the bankruptcy court properly disallowed the Stancills' claim under 11 U.S.C. § 502.