[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 30, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-12887
Non-Argument Calendar

_____

D. C. Docket No. 05-03231-CV-BBM-1
BKCY No. 96-75320BKC-MH

In Re:        MARLENE H. OLIVER,

Debtor.

_____

HAMID MIKE SAMADI,

Plaintiff-Appellant,

versus

MARLENE H. OLIVER,

Defendant-Appellee,

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(December 30, 2008)**

Before BLACK, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

Appellant Hamid Mike Samadi, proceeding pro se, appeals an order of the district court affirming the bankruptcy court's calculation of the interest owed to him by Appellee Marlene H. Oliver.

## I. Facts

In 1994, Samadi signed an agreement in which he conveyed a parcel of property to Oliver for $46,000. Oliver agreed to make monthly payments until November 15, 1995, at which time the outstanding balance under the contract was to become due. Oliver made monthly payments until November 15, 1995, but was unable to meet the obligation to pay the remaining balance of $35,000 on that date. Samadi thereafter threatened foreclosure and Oliver filed for voluntary Chapter 13 bankruptcy. The bankruptcy court approved a payment plan and Oliver completed her obligations under the plan on July 19, 2000. The bankruptcy court closed the estate and discharged Oliver.

On December 29, 2000, Oliver petitioned to reopen her case, alleging that Samadi refused to issue a quit claim deed on Oliver's property, despite full payment through the Chapter 13 bankruptcy trustee. Samadi denied having received full payment and asserted a counterclaim. The bankruptcy court ultimately granted partial summary judgment in Samadi's favor and vacated its

previous order defining the amount of Oliver's debt to Samadi, finding that

Samadi's secured claim was not fully paid in Oliver's bankruptcy case.

The bankruptcy court found that because Samadi's claim was oversecured,[1]

he was entitled to post-petition interest, and it ordered him to file a statement with

a detailed calculation of the interest owed. Samadi calculated interest over a 120-

month period, on a monthly basis through March 2004 and on a daily basis during

April and May 2004. Oliver disputed this calculation; therefore the bankruptcy

court "computed the interest due based on the terms of the loan"[2] and reached a

total of $30,868.79 in interest (representing 118 months of interest on the $35,000

that was outstanding on November 15, 1995, with an annual interest rate of 14.5%

and straight-line amortization). The court then deducted payments made by Oliver

after November 15, 1995, which totaled $3,600, and the payments made by the

Chapter 13 trustee, which totaled $35,261.41. The bankruptcy court thereby

arrived at $27,007.38 in interest, which it ordered Oliver to pay to Samadi.[3]

---

[1] "An oversecured creditor is one whose claim is secured by collateral whose value exceeds the principal amount of the claim." In re Welzel, 275 F.3d 1308, 1311 n.1 (11th Cir. 2001).

[2] The contract itself is not included in the record on appeal. The bankruptcy court, however, did make findings as to its terms, concluding that the loan specified a 14.5% interest rate for payments made after November 15, 1995.

[3] The bankruptcy court later amended its judgment to provide an expenses award to Samadi. Samadi appealed the bankruptcy court's expense total to the district court and, upon affirmance, sought to appeal this court. On January 18, 2008, however, this court ruled that

Samadi filed a motion to amend the judgment, challenging the bankruptcy court's calculation and presenting two alternative methods of calculation. Under the first method, Samadi calculated interest over a 10-year period and did not account for any annual amortization. Under the second method, Samadi immediately deducted the $3,600 paid by Oliver, but because "payment dates and amounts made by Trustee were scattered throughout the years," he did not deduct the $35,261.41 paid by the Chapter 13 trustee until midway through the Chapter 13 cycle. The bankruptcy court denied Samadi's motion, concluding that Samadi's "methods of calculation have not be[en] explained and do not appear to comport with standard accounting methods."

Samadi appealed to the district court, arguing that the bankruptcy court erred in making its interest calculation. The district court affirmed and Samadi now appeals to this court on the same grounds.

## II. Analysis

Where we serve as the second court of review of a bankruptcy court's judgment, we employ the following standard of review:

---

Samadi never filed a timely notice to appeal the expense award to the district court. Therefore, we vacated that portion of the district court's order and the merits of that issue cannot now be addressed by this court on appeal.

> [W]e independently examine the factual and legal determinations of the bankruptcy court and employ the same standards of review as the district court. As the district court made no factual findings in its function as an appellate court, our review is de novo. We review the findings of fact made by the bankruptcy court for clear error. A factual finding is not clearly erroneous unless this court, after reviewing all of the evidence, [is] left with the definite and firm conviction that a mistake has been committed. This Court conducts a de novo review of determinations of law, whether from the bankruptcy court or the district court.

In re Int'l Admin. Servs. Inc., 408 F.3d 689, 698 (11th Cir. 2005) (internal citations and quotation marks omitted).

Under the Federal Rules of Bankruptcy Procedure, a creditor may file a proof of claim,[4] which, when executed and filed correctly, "constitute[s] prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f); see In re Bateman, 331 F.3d 821, 827 (11th Cir. 2003). The debtor may rebut the creditor's proof of claim by filing an objection pursuant to Rule 3007. Fed. R. Bankr. P. 3007. When such an objection is made, federal law requires that "the court, after notice and a hearing, [] determine the amount of such claim." 11 U.S.C. § 502(b). The creditor retains the ultimate burden of persuasion as to the amount of the claim. In re Harford Sands Inc., 372 F.3d 637, 640 (4th Cir. 2004); In re Harrison, 987 F.2d 677, 680 (10th Cir. 1993).

---

[4] "A proof of claim is a written statement setting forth a creditor's claim." Fed. R. Bankr. P. 3001(a).

Bankruptcy law mandates that the terms of the agreement are to govern the secured creditor's award. See 11 U.S.C. § 506(b) (the oversecured creditor is entitled to "interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement") (emphasis added). In the instant case, Samadi filed his proof of claim, but Oliver rebutted it by filing an objection to Samadi's method of calculation. Oliver argued, inter alia, that Samadi's calculation was not based on accurate figures and he lacked proof to support his calculation.

Samadi ultimately presented three different methods of calculation, all of which contained flaws. The first method incorrectly projected the interest over a 120-month, rather than 118-month, period. The second method similarly calculated the interest over 120-months and did not account for any annual amortization, even though it is undisputed that the Chapter 13 trustee made payments. The last method assigned an arbitrary and admittedly incorrect date to the payment by the Chapter 13 trustee, thus permitting Samadi to accumulate a large amount of interest before the $35,261.41 payment was deducted. The methods of computation provided by Samadi contained errors, were self-serving, and, as the bankruptcy court noted, did "not appear to comport with standard accounting methods." We therefore hold that the bankruptcy court did not err in rejecting the methods of calculation proposed by Samadi.

The bankruptcy court's award was reached by applying the 14.5% interest rate, as specified in the contract, to the 118-month default period. As the bankruptcy court noted and both parties acknowledge, payments were made sporadically and the dates of certain payments were disputed. Because this made a precise interest calculation impossible, the bankruptcy court used a straight-line amortization approach, calculating the interest owed as if monthly payments of $558.21 been made equally over the 118-month period. While not perfect, this method was reasonable given the circumstances and reflects the bankruptcy court's adherence to the terms of the agreement, in accordance with 11 U.S.C. § 506(b).

Because Samadi did not satisfy his burden of proving the amount of interest owed to him, the bankruptcy court did not err in using an imprecise, but more comprehensible, method to calculate the interest. Accordingly, we affirm.

**AFFIRMED.**